**Ronald David WHITE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 12–93–00259–CR.

Court of Appeals of Texas, Tyler.

Dec. 29, 1995.

Mary Ann Rea, Longview, for appellant.

C. Patrice Savage, Longview, for appellee.

RAMEY, Chief Justice.

Appellant, Ronald David White ("White"), was convicted on guilty pleas of two separate offenses, possession of cocaine and possession of marijuana, and the trial court assessed punishment at twelve and ten years' incarceration, respectively, with the terms to be served concurrently. At the same time, White pled guilty under a separate indictment to another count of possession of marijuana, which is the subject of a separate appeal.

■ In his first of four points of error, White complains of the trial court's denial of his motion to suppress evidence based on alleged defects in the search warrant. As noted above, however, White's conviction was based on his plea of guilty, and "[w]here a plea of guilty is voluntarily and understandingly made, all non-jurisdictional defects, including claimed deprivation of federal due process, are waived." *Helms v. State*, 484 S.W.2d 925, 927 (Tex.Cr.App.1972).

■ Because of certain circumstances peculiar to this case, however, we believe it is appropriate to review White's first point of error. As discussed below with regard to White's second and third points of error, the trial court did not secure his plea of guilty in open court to the second count of the indict-

ment. Because there was no "plea of guilty ... voluntarily and understandingly made," White did not waive his right to complain on appeal of the validity of the search warrant in this case. *Id.* Therefore, we will examine his claim regarding the propriety of the search warrant and the admissibility of the evidence obtained thereby.

The magistrate issued the search warrant in this case based on a police officer's affidavit which alleged that a confidential informant had been at the address named in the affidavit within the previous forty-eight hours and had seen White with cocaine in his possession. The officer/affiant noted that his past dealings with the informant led him to believe the information provided was true and reliable. The informant mistakenly characterized White as the owner of the premises, and the officer discovered that White's brother was the actual owner before he executed the warrant.

The warrant described the premises to be searched as a "yard which is secured by a wooden privacy fence located at 306 Walnut" and described a fishing boat situated near a house inside the fenced area. White complains that the affidavit is inadequate in that it contains no information establishing that he was in possession or control of the premises other than the fact that he had been observed at the location and in possession of cocaine within the forty-eight hours preceding the affidavit's creation.

■ The constitutional requirement of probable cause to support the issuance of a search warrant is met where the facts submitted to the magistrate are sufficient to justify a conclusion that the object of the search is probably in the area to be searched.[1] *Rojas v. State,* 797 S.W.2d 41, 43 (Tex.Cr.App.1990) (citing *Winkles v. State,* 634 S.W.2d 289, 298 (Tex.Cr.App.1982)).

Here, White contends that one of the facts submitted to the magistrate was false. It is well established that in order for the supporting affidavit to be rendered invalid by a false statement, the complaining party must show that the false statement was included in the affidavit by the affiant with intent, knowledge, or reckless disregard for the truth and that without the false statement, "the affidavit's remaining content is insufficient to establish probable cause." *Franks v. Delaware,* 438 U.S. 154, 156, 98 S.Ct. 2674, 2676, 57 L.Ed.2d 667 (1978). *Bosquez v. State,* 792 S.W.2d 550, 551 (Tex.App.—El Paso 1990, pet. ref'd); *see also Ramsey v. State,* 579 S.W.2d 920, 922 (Tex.Cr.App.1979).

■ At the hearing on White's Motion to Suppress, the officer who prepared the affidavit testified that he was uncertain as to the exact time when he learned that White's brother was the actual owner of the premises; however, White cites nothing in the record to suggest that the officer's characterization was anything more than an innocent mistake based on information provided to him by the informant.

We hold that the mistaken ownership reference had no bearing on the magistrate's finding of probable cause. Whether White or his brother owned the premises, the officer testified at the hearing that the informant alleged that he or she saw White in possession of cocaine at that location. Also, the officer stated that on the day of the arrest, when one of the officers located $1250 in cash on the premises, White claimed that this money was his. Although the affidavit mistakenly refers to White as the owner of the property to be searched, he was present on the day the police executed the warrant, and his statement demonstrated that he had exercised at least some degree of control

---

1. White claims violations of the protections guaranteed him under both the Fourth Amendment to the United States Constitution and Article 1, Section 9 of the Texas Constitution, as well as Article 38.33 of the TEXAS CODE OF CRIMINAL PROCEDURE. We recognize that state constitutional questions can at times require a stricter standard of review than their federal counterparts. *Heitman v. State,* 815 S.W.2d 681, 685 (Tex.Cr.App.1991). White has not provided any argument or authorities, however, to indicate how or why the question here requires different analyses under the two constitutions; therefore, we will consider the alleged error under the standards applicable to the U.S. Constitution. *See Muniz v. State,* 865 S.W.2d 513, 517 (Tex.App.—San Antonio 1993, ——), *citing, Narvaiz v. State,* 840 S.W.2d 415, 432 (Tex.Cr.App.1992), *cert. denied,* 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993). In fact, White mentions in his brief that the general standard of review in this case is the same under both constitutional schemes.

over the property named in the affidavit. In addition, it is not necessary in all circumstances for an affidavit attached to a search warrant to specifically identify the person in control of the premises to be searched. *E.g.*, *Walthall v. State*, 594 S.W.2d 74, 81 (Tex.Cr. App.1980).

The affidavit contained evidence of the presence of controlled substances on the property and of White's possession of controlled substances, all within the preceding forty-eight hours. This evidence was based on information provided by an informant known by the officer/affiant to have been reliable in the past. We hold that these facts gave the magistrate sufficient evidence to support his determination of probable cause. White's first point of error is overruled.

White's second through fourth points are based on the trial court's alleged failure to elicit a plea of guilty to the second count of the indictment, possession of marijuana. His second and third points seem to be identical, contending that the trial court's omission violates Article 27.13 of the TEXAS CODE OF CRIMINAL PROCEDURE, which provides that "[a] plea of 'guilty' or a plea of 'nolo contendere' in a felony case must be made in open court by the defendant in person...." TEX. CODE CRIM.PROC.ANN. art. 27.13 (Vernon 1989). White's fourth point is multifarious and alleges state and federal due process violations arising from the alleged violation of this provision of the Code.

■ At the hearing in which White entered his plea, the State informed the trial court that it was proceeding "on Count 1, paragraph B only in Cause Number 20,429–B" (the case now before this Court). Count one contained the cocaine possession charge, but the indictment also alleged a second offense in count two, possession of marijuana. The State told the court that it was "abandoning all the other paragraphs in the indictment." When the trial court asked White for his plea, the court mentioned only the first count and did not obtain a plea to the marijuana possession count in this case.[2] Later, after White announced his guilty plea and as

the State was about to introduce a "Stipulation of Evidence," the attorney for the State asserted that he had misspoken when he said the State was abandoning count two of the indictment. He averred that the State intended to convict White on both the cocaine and marijuana charges. The trial court did not thereafter secure White's guilty plea to the marijuana charge but proceeded to find White guilty on both counts. White's trial counsel did not object to the omission or to the judge's pronouncement of guilt.

We first note that the "Stipulation of Evidence" entered by the State and signed by White contains the following paragraph: "... on or about the 1st day of October, 1992, ... I, Ronald David White did then and there intentionally and knowingly possess a usable quantity of marihuana of less than five pounds but more than four ounces,...." This statement follows the paragraph in which White admits he possessed cocaine on that same day.

■ The State maintains that the trial court substantially complied with the statutory requirements for admonishing a defendant of the consequences of a guilty plea, as those requirements are set out in Article 26.13 of the Code of Criminal Procedure, because the trial court explained the possible range of punishment for possession of marijuana when it elicited his guilty plea for the companion case. *See* TEX.CODE CRIM.PROC.ANN. art. 26.13(c) (Vernon 1989) (allowing for substantial compliance in admonishing the defendant). The cases cited by the State are inapposite, however, because the question here is not whether the court's admonishments sufficiently apprised White of his rights. The trial court here never secured a guilty plea on the second count but proceeded to find White guilty on that count.

Though the record leaves no question that the omission was the result of an oversight on the part of the prosecution and the trial court, the effect of this chain of events was to convict White on the marijuana count without a guilty plea or a trial. This omission violat-

---

2. In a companion case, tried before the court at the same time, White pled guilty of possession of marijuana. That indictment resulted from evidence obtained under a search warrant issued a few days after the one at issue in this case and is the subject of another appeal before this Court.

ed the express language of Article 27.13 as well as White's right to due process. Though the Stipulation of Evidence signed by White reflects that he fully intended to plead guilty to the second count of the indictment, we must hold that the failure to have White plead guilty in open court makes the finding of guilt on count two erroneous.

 The signed Stipulation of Evidence and trial court's extensive admonitions to White suggest that failing to elicit a spoken plea in open court might not have resulted in harm. We are constrained, however, by similar holdings of the Texas Court of Criminal Appeals and other courts to hold that the error requires reversal without a showing of harm. For instance, the Texas Court of Criminal Appeals recently held that the reading of the indictment and the entry of a plea thereto were mandatory at the punishment stage of trial and that the failure to elicit a plea to the enhancement paragraph of the indictment constituted error that was not subject to harm analysis. *Turner v. State,* 897 S.W.2d 786, 788–789 (Tex.Cr.App.1995).

Lesser violations of the Code's requirements for guilty pleas have led other courts to reverse without requiring harm analysis. Failure to admonish a defendant as to the possible range of punishment prior to his plea of guilty is reversible error, and no showing of harm is required. *Hughes v. State,* 833 S.W.2d 137, 140 (Tex.Cr.App.1992); *Ex parte Smith,* 678 S.W.2d 78, 79 (Tex.Cr. App.1984). The same is true of failure to admonish a non-citizen that a guilty plea could result in deportation. *Morales v. State,* 872 S.W.2d 753, 755 (Tex.Cr.App.1994). Another court of appeals reversed a conviction without a showing of harm where a defendant's attorney announced the plea to the court, and the trial court never secured a spoken plea, or even a sign of agreement with the entered plea, from the defendant himself. *Mendez v. State,* 892 S.W.2d 81, 84 (Tex.App.—Corpus Christi 1994, pet. granted).

White's second and third points of error are sustained. White's multifarious fourth point of error is rendered moot, and we need not address it.

Therefore, we **reverse** White's conviction for possession of marijuana (count two of the indictment) and **remand** that count for a new trial. The judgment of the trial court with regard to count one of the indictment is **affirmed.**