COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS





ORLANDO T. JORDAN,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee. 

§


 


§


 


§


 


§


 


§



§

No. 08-05-00251-CR



Appeal from


 Criminal District Court No. 2


of Dallas County, Texas


(TC # F-0448253-KI)




O P I N I O N



 Orlando T. Jordan pled guilty to felony murder. The trial court assessed punishment at forty
years' confinement. Finding no error, we affirm as reformed.

FACTUAL SUMMARY


 While on patrol on January 15, 2004, Officer Aleman checked the plates of a passing vehicle.
He pulled the vehicle over when he learned it was reported stolen. He then approached the driver's
side while his partner moved to the passenger's side. Appellant was driving and Officer Aleman
asked him to step out of the vehicle. Appellant just shook his head and drove away. 

 The officers pursued Appellant as he drove at excessive rates of speed averaging 60 miles
per hour, and even reaching 90 miles per hour in a 35 mile per hour zone. Appellant drove
recklessly, swerving in and out of lanes during rush hour. He went around a median and began
driving northbound in the southbound lane. A crew of four or five people working on the street
began to scatter when they saw Appellant coming towards them. Appellant approached the area at
a rate of speed of 75 miles per hour and struck a crewman working on the median. Appellant did
not attempt to stop or swerve, and after striking the crewman, he continued driving northbound on
the southbound lane. Eventually, the vehicle stopped on a grassy median. Appellant tried to get out
of the vehicle through the driver's side door but it was either jammed or inoperable. Once Appellant
was able to exit the vehicle, he ran about fifteen to twenty feet before Officer Aleman caught him. 
 Appellant was indicted under two separate counts of felony murder and failure to stop and
render aid. He pled guilty to both charges and the trial court assessed punishment at forty years'
confinement. He brings three issues for review. (1)

ARTICLE 27.13


 In his first issue, Appellant contends Article 27.13 was violated because he never entered a
guilty plea to the offenses charged in the indictment, the trial court did not inquire into the
voluntariness of his pleas, and the plea agreement form does not show he pled guilty to the charged
offenses. 

The Plea Proceedings


 The following are excerpts from the proceedings:

 THE COURT: You're the same Orlando T. Jordan that's charged in these
two indictments, one charging you with murder, and the other
failure to stop and render aid that are now pending before the
Court; is that correct?


 THE DEFENDANT: Yes, sir.


 THE COURT: Can you read and write and understand the English language?


 THE DEFENDANT: Yes.


 THE COURT: You read and you understand all the paperwork you signed in
connection with this case --


 THE DEFENDANT: Yes, sir.


 THE COURT: -- these cases?


 THE DEFENDANT: Yes.


 THE COURT: And Ms. Hawthorne, your attorney's gone over the
indictments with you and all the paperwork, and you
understand exactly what you're charged with; is that correct?


 THE DEFENDANT: Yes.


 THE COURT: All right. You have the right to a jury trial in each case, and,
in fact, there's a jury out in the hallway. It's my
understanding you wish to waive or give up that right; is that
correct?


 THE DEFENDANT: Yes, sir.


 THE COURT: You have the right to have these cases tried separately, but as
I understand, you wish to go ahead and try them together right
now; is that correct?


 THE DEFENDANT: Yes, sir.


 THE COURT: And you understand the range of punishment for these type of
offenses is from 25 years to 99 years or life in the
penitentiary; is that correct?


 THE DEFENDANT: Yes, sir. 


* * * * *



DIRECT EXAMINATION OF APPELLANT



 Q: Orlando, I've been on your case -- well, I've only been on your case for a
couple of months; is that correct?


 A: Yes, ma'am.


 Q: But you've been in jail for about a year, and you've had a couple of other
attorneys; is that correct?


 A: Yes, ma'am.


 Q: Okay. We were set for a jury trial today; is that correct?


 A: Yes, ma'am.


 Q: And I explained to you that even if you were found not guilty of the murder
case, but the failure to stop and render aid, that if you were found guilty of
that that you were still looking at 25 to life; is that correct?


 A: Yes, ma'am.


 Q: And we've talked about all your choices numerous times, and you told me
this morning that you had prayed on this, and that you wanted to do an open
plea; is that true?


 A: Yes, ma'am.


 Q: And that was, I'll say sort of against my advice; is that correct?


 A: Yes, ma'am.


 Q: But you know I can't guarantee you what the Judge would do or what a jury
would have done. You understand that?


 A: Yes, ma'am.

.

 Q: But you understand that, you know, my investigator had gone out and found
all of your other offense reports, and you understand we were ready on -- on
what you've done in the past?


 A: Yes, ma'am.


 Q: Do you understand that?


 A: Yes, ma'am.


 Q: And -- but you've entered pleas of guilty to Judge Adams today. Did you do
that freely and voluntarily?


 A: I did that freely and voluntarily.


 Q: And was that your choice because that's what you wanted to do?


 A: That's what I wanted to do. 


* * * * *



 Q: Mr. Jordan, yesterday, you entered pleas of guilty to failure to stop and render
aid and a murder; is that correct?


 A: Yes. (2)


* * * * *



 Q: And you told me, did you not, that you had prayed over the weekend and that
you wanted to plead guilty to theses offenses?


 A: Yes.


 Q: Did you do that freely and voluntarily?


 A: Yes.


 Q: Did you plead guilty to both of these offenses because you wanted to do that?


 A: Yes.


 Q: And you understood that by pleading guilty and going open to the Judge that
the minimum that you could be sentenced, as far as TDC time, would be 25
years?


 A: Yes.


 Q: In fact, you're looking at 25 years to life; is that correct?


 A: Yes.


 Q: On both cases?


 A: Yes. 


The Statute



 Article 27.13 requires:


 A plea of 'guilty' or a plea of 'nolo contendere' in a felony case must be made in
open court by the defendant in person; and the proceedings shall be as provided in
Articles 26.13, 26.14 and 27.02. If the plea is before the judge alone, same may be
made in the same manner as is provided for by Articles 1.13 and 1.15. 


Tex.Code Crim.Proc.Ann. art. 27.13 (Vernon 2006).


 In support of his argument that the trial court did not specifically ask him if he were entering
a plea of "guilty," Appellant directs us to Williams v. State and White v. State. See Williams v. State,
770 S.W.2d 81 (Tex.App.--Dallas 1989, no pet.); White v. State, 932 S.W.2d 593 (Tex.App.--Tyler
1995, pet. ref'd). In Williams, the Dallas Court of Appeals held that the trial court failed to comply
with Article 27.13 because it failed to ascertain whether the defendant's plea was free and voluntary
and it failed to question the defendant regarding his plea. Williams, 770 S.W.2d at 84. In White, the
defendant entered his plea regarding cocaine possession. The indictment also alleged a second
offense of possession of marijuana. White, 932 S.W.2d at 596. The State initially informed the trial
court it would abandon all other paragraphs in the indictment, but it subsequently recanted and
announced its intention to proceed on both offenses. Id. The trial court did not obtain a guilty plea
from the defendant regarding the marijuana charge, but the court found him guilty on both charges. 
Id. The defendant stipulated that he knowingly possessed both cocaine and marijuana. Id. But the
appellate court found a violation of Article 27.13 since the defendant never pled guilty in open court
to possession of marijuana. Id. at 597. 

 This case is distinguishable. Unlike Williams, where the trial court spoke only with the
defendant's attorney, Appellant's attorney elicited testimony from Appellant acknowledging his plea
of guilty. And unlike White, the State did not recant or abandon any offenses. 

 In a more recent decision, the Court of Criminal Appeals has determined that compliance
with Article 27.13 depends upon a defendant's voluntary desire to plead guilty. Costilla v. State,
146 S.W.3d 213, 217 (Tex.Crim.App. 2004). In Costilla, the defendant appeared in person with his
attorney who was bilingual. Id. at 214. Counsel informed the court that his client pled guilty, that
he understood the range of punishment for the offense, and that he understood the signed
admonishment, statements, and waiver forms. Id. at 215. At the punishment hearing, the defendant
did not respond when trial counsel asked him if he had pled guilty to the offense. Id. However, the
sentencing proceedings were translated and the defendant never complained the trial court failed to
obtain an oral guilty plea or interact with him at the prior hearing. Id. at 216. The Court of Criminal
Appeals held that any complaint regarding failure to comply with Article 27.13 should be evaluated
under the particular facts of the case to determine whether the trial court complied with the article. 
Id. at 217. Article 27.13 does not require an oral plea. Id. Instead, the statute requires that all the
facts point to a defendant's desire to plead guilty where the defendant is present and a plea is entered
in open court even if only through his attorney. See id. at 217. Although the better practice is to ask
the defendant what his plea is, Costilla had ample opportunity to make known that his plea was
involuntary. See id.

 Here, the record establishes Appellant's desire to plead guilty to the offense of felony murder. 
Appellant agreed with his attorney that he wanted to enter an open plea: 

 Q: And -- but you've entered pleas of guilty to Judge Adams today. Did you do
that freely and voluntarily?


 A: I did that freely and voluntarily.


 Q: And was that your choice because that's what you wanted to do?


 A: That's what I wanted to do.



* * * * *


 Q: Mr. Jordan, yesterday, you entered pleas of guilty to failure to stop and render
aid and a murder; is that correct?


 A: Yes.


Because the record establishes Appellant pled guilty to the offense of felony murder, we overrule
Issue One. 

PLEA TO SECOND ENHANCEMENT

 In his second issue, Appellant challenges the legal sufficiency of the evidence to support his
plea to the second enhancement paragraph.  He contends that the trial court never obtained an oral
plea to the enhancement provisions, that his written pleas to the enhancement paragraphs did not
indicate he pled true to the second enhancement, and that there was no written or oral evidence
indicating he entered a plea of true to the State's notice of intent to enhance punishment.

 Appellant was indicted for felony murder. The indictment included an enhancement
paragraph that Appellant had been convicted of the felony offense of Burglary of a Vehicle on
March 21, 1989 in Cause Number F88-71848-R. Prior to trial, the State filed a notice of its intent
to enhance Appellant's punishment range. It included the previously mentioned conviction of
Burglary of a Vehicle, and added the felony conviction of Burglary of a Building-Enhanced on
April 4, 2000 in Cause Number 0745883.

 During the proceedings, the State offered Appellant's signed judicial confession that he
committed the prior felony offense of Burglary of a Vehicle in Cause Number F88-71848-R. The
State also offered Appellant's signed voluntary plea of true:

 I, the defendant, plead true to the (second), (third), (second and third) enhancement
paragraph(s) which is/are contained in the charging instrument, and judicially confess
that I am the same person who was previously duly and legally convicted of the
offense(s) alleged therein. (3) 


These exhibits were admitted without objection. 

 In reviewing the legal sufficiency of the evidence, we must view the evidence in a light most
favorable to the judgment and determine whether any rational trier of fact could have found the
enhancement issue beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct.
2781, 61 L.Ed.2d 560 (1979); Johnson v. State, 23 S.W.3d 1, 7 (Tex.Crim.App. 2000). When the
State seeks to enhance a defendant's punishment range, the State has the burden of proof to show
the defendant's prior conviction was a final conviction and that the appellant was the person
previously convicted. See Wilson v. State, 671 S.W.2d 524, 525 (Tex.Crim.App. 1984). However,
if the defendant, pleads true to the enhancement paragraph then the State's burden of proof is
satisfied. Id. A plea of "true" is evidence and a defendant cannot complain on appeal that the
evidence is insufficient to support the enhancements. See Harvey v. State, 611 S.W.2d 108, 111
(Tex.Crim.App. 1981).

 A defendant is entitled to notice of the prior convictions that the State intends to use for
enhancement. Brooks v. State, 957 S.W.2d 30, 33 (Tex.Crim.App. 1997). While it is the preferable
method for providing notice, the State is not required to allege enhancements solely in the
indictment, rather they must simply be pled in some form. See id. at 33-34. Notice must be provided
to the defendant so that he is aware "a greater penalty is to be sought than for a first offense, and to
enable him to take issue thereon, and if possible show there is a mistake in identity, or that there was
no final former conviction or the like." Hollins v. State, 571 S.W.2d 873, 876 (Tex.Crim.App.
1978), quoting Palmer v. State, 128 Tex.Crim.R. 293, 81 S.W.2d 76, 79 (1934).

 Appellant argues that, at best, he pled true to one enhancement paragraph--the conviction for
burglary of a vehicle which was contained in the indictment. The trial court's judgment recites that
he pled true to the one enhancement paragraph in the indictment and does not reference the State's
notice. Appellant thus contends that the applicable punishment range for the offense of felony
murder was between fifteen to ninety-nine years to life and an optional $10,000 fine. See
Tex.Penal Code Ann. § 12.42(c)(1)(Vernon Supp. 2006). (4)

 The record establishes that Appellant pled true to both enhancement paragraphs.

 THE COURT: And you are the same Orlando T. Jordan that was here before
the Court yesterday --


 THE DEFENDANT: Yes, sir.


 THE COURT: -- is that correct, on these two -- a failure to stop and render
aid case and a murder case?


 THE DEFENDANT: Yes, sir.


 THE COURT: And you entered a plea of guilty to each case, and I believe
you entered a plea of true to the enhancement paragraphs; is
that correct?


 THE COURT [sic]: Yes, sir.


The Court also admitted Exhibit 10 without objection. Exhibit 10 contains Appellant's stipulation
that he was the same person convicted of the two offenses alleged by the State in its notice of
enhancement. The record also shows that Appellant understood the State sought to enhance his
punishment under both paragraphs:

 Q: And I explained to you that on the murder case -- on the original murder case
without any paragraphs, you were looking at 5 to 99 years or life; is that
correct?


 A: Yes.


 Q: And then the State did do enhancement paragraphs, which bumped it up to
25 to life; is that correct?


 A: Yes.


 Q: Failure to stop and render aid was also -- the paragraphs were used on the
failure to stop and render aid which also made it 25 to life; is that correct?


 A: Yes. 


Without objection, the Court also admitted Exhibit 2, the part of the plea agreement form where
Appellant acknowledged he pled true to the second and third enhancement paragraphs that were
contained in the charging instrument. Had Appellant contended at the hearing that Exhibit 2 only
alleged one enhancement paragraph, as he does on appeal, a proper objection should have been
raised. See Tex.R.App.P. 33.1. In viewing the evidence in the light most favorable to the trial
court's ruling, the record is sufficient to show Appellant entered a plea of true to the second
enhancement paragraph. However, while the judgment reflects the trial court only found the second
enhancement to be true, its oral pronouncement indicated that the court found both enhancement
paragraphs to be true: "The Court is going to go ahead and find the defendant guilty of the offense
of murder and failure to stop and render aid and find the enhancement paragraphs true and assess a
sentence of 40 years confinement in the penitentiary." Pursuant to the applicable appellate rules, we
reform the trial court's judgment to reflect a finding of true to both enhancement paragraphs. See
Tex.R.App.P. 43.2(b). Issue Two is overruled.

VOLUNTARINESS OF PLEA


 In his third issue, Appellant complains that his plea was involuntary. He contends the trial
court erred in failing to adequately ask him about the voluntariness of his plea and failed to properly
admonish him of the range of punishment.

 "No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears
that the defendant is mentally competent and the plea is free and voluntary." Tex.Code
Crim.Proc.Ann. art. 26.13(b)(Vernon Supp. 2006). In admonishing the defendant, "substantial
compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware
of the consequences of his plea and that he was misled or harmed by the admonishment of the court." 
Tex.Code Crim.Proc.Ann. art. 26.13(c). The court may admonish the defendant either orally or
in writing. Tex.Code Crim.Proc.Ann. art. 26.13(d). If the court admonishes the defendant in
writing, it must receive a statement signed by the defendant and the defendant's attorney that he
understands the admonitions and is aware of the consequences of his plea. Id. "A finding that a
defendant was duly admonished creates a prima facie showing that a guilty plea was entered
knowingly and voluntarily." Martinez v. State, 981 S.W.2d 195, 197 (Tex.Crim.App. 1998). 
However, a defendant may still claim his plea was involuntary. Id. The burden then shifts to the
defendant to demonstrate that he suffered harm since he did not fully understand the consequences
of his plea. Id. 

 The trial court admonished Appellant both in writing and orally at the plea proceeding. The
plea agreement form provided a section titled "Court's Admonitions to Defendant," which included
the court's admonitions and a section titled "Defendant's Statements and Waivers" that stated, "I am
the accused in the charging instrument and am mentally competent. I understand the nature of the
accusation against me, the range of punishment for such offense, and the consequences of a plea of
guilty or nolo contendere." The agreement was signed by Appellant, his attorney, and the Assistant
District Attorney. Above Appellant's signature appears the following acknowledgment: 

 I, the defendant herein, acknowledge that my attorney has explained to me, and I
have read and I understand, all the foregoing admonitions and warnings regarding my
rights and my plea, and that my statements and waivers are knowingly, freely, and
voluntarily made with full understanding of the consequences. I request that the
Court accept all my waivers, statements, agreements, and my plea.


 During the plea proceedings, the trial court admonished Appellant that the range in
punishment for his offenses was from twenty-five years to ninety-nine years or life, that he had the
right to a jury trial, and he had the right to have his cases tried separately. Reviewing the record as
a whole, the trial court's admonishments created a prima facie showing that Appellant's guilty plea
was knowingly and voluntarily entered. Martinez, 981 S.W.2d at 197.

 Appellant must now demonstrate that his plea was involuntary and that he has suffered harm
since he did not understand the consequences of his plea. Id. The record reflects through
Appellant's own testimony that he freely and voluntarily entered his plea of guilty.


 Q: And you told me, did you not, that you had prayed over the weekend and that
you wanted to plead guilty to these offenses?


 A: Yes.


 Q: Did you do that freely and voluntarily?


 A: Yes.


 Q: Did you plead guilty to both of these offenses because you wanted to do that?


 A: Yes.


Thus, based on the record, Appellant has not established his plea was involuntary. 

 We also conclude that inasmuch as Appellant pled true to the second enhancement, the trial
court did not err in admonishing him of the punishment range of twenty-five years to ninety-nine
years or life. See Tex.Penal Code Ann. § 12.42(d)(Vernon Supp. 2006). (5) We overrule Issue Three
and affirm the judgment of the trial court as reformed.



August 16, 2007 

 ANN CRAWFORD McCLURE, Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)
1. Appellant has raised the same issues on appeal from his guilty plea to the charge of failure to stop and render
aid. See Jordan v. State, No. 08-05-00252-CR, --- S.W.3d --- (Tex.App.--El Paso August 16, 2007, no pet. h.). This
appeal and No. 08-05-00252-CR have been consolidated.
2. Following a brief direct examination of Appellant on May 16, 2005, the trial court recessed the proceedings
until May 17, 2005. 
3. "[S]econd and third" were circled. 
4. Felony murder is a first degree felony offense. See Tex.Penal Code Ann. § 19.02 (b) & (c)(Vernon 2003). 
An individual found guilty of a first degree felony shall be punished by imprisonment for life or for any term of not more
than 99 years or less than 5 years. See Tex.Penal Code Ann. § 12.32 (a)(Vernon 2003). Section 12.42 (c)(1) states:


 Except as provided by Subdivision (2), if it is shown on the trial of a first-degree felony that the
defendant has been once before convicted of a felony, on conviction he shall be punished by
imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for
any term of not more than 99 years or less than 15 years. In addition to imprisonment, an individual
may be punished by a fine not to exceed $10,000. 


Tex.Penal Code Ann. § 12.42 (c)(1)(Vernon Supp. 2006).
5. Section 12.42 states, "If it is shown on the trial of a felony offense other than a state jail felony punishable
under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the second
previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final,
on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal
Justice for life, or for any term of not more than 99 years or less than 25 years." Tex.Penal Code. Ann. § 12.42(d).