**Tevin WILLIS, Appellant**

v.

**The STATE of Texas, Appellee**

**No. 06–16–00040–CR**

Court of Appeals of Texas, Texarkana.

Date Submitted: November 23, 2016

Date Decided: February 9, 2017

Troy A. Hornsby, Miller, James, Miller & Hornsby, LLP, 1725 Galleria Oaks Drive, Texarkana, TX 75503, for Appellant.

Lauren Sutton, Assistant District Attorney, 601 Main Street, Texarkana, TX 75503, for Appellee.

Before Morriss, C.J., Moseley and Burgess, JJ.

## OPINION

Opinion by Justice Burgess

Tevin Willis pled guilty to two counts of sexual assault of a child [1] and elected jury-assessed punishment. The jury assessed a thirteen-year sentence in each case, which the trial court ran consecutively, together with a $5,000.00 fine in each case. The trial court entered written judgments in both cases in accordance with the jury's respective verdicts, but based on the appellate record filed in this Court, failed to orally pronounce sentence in open court and in Willis' presence in either case. On appeal, Willis claims that the trial court committed fundamental error in failing to orally pronounce sentence in his presence and in open court. The State concedes that the trial court did not properly sentence Willis and asks this Court to dismiss this appeal for want of jurisdiction. We modify the judgment by reducing the costs assessed in the judgment on count one and affirm the judgment, as modified, because (1) sentence was ultimately pronounced in open court and (2) the trial court properly adjudicated Willis guilty of both counts of sexual assault.

## I. Sentence Was Ultimately Pronounced in Open Court

■ The trial court is required to pronounce sentence orally in the defendant's presence. TEX. CODE CRIM. PROC. ANN. art.

42.03, § 1(a) (West Supp. 2016); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). The rationale for this rule is that the imposition of sentence is the crucial moment when all of the parties are physically present at the sentencing hearing and able to hear and respond to the imposition of sentence. Once he leaves the courtroom, the defendant begins serving the sentence imposed. Thus, "it is the pronouncement of sentence that is the appealable event, and the written sentence or order simply memorializes it and should comport therewith." *Madding*, 70 S.W.3d at 135 (quoting *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998)). Because the trial court failed to pronounce the sentences for the crimes of conviction, this Court initially lacked jurisdiction to hear Willis' appeal of his convictions. *See Thompson v. State*, 108 S.W.3d 287, 293 (Tex. Crim. App. 2003); *Keys v. State*, 340 S.W.3d 526, 529 (Tex. App.–Texarkana 2011, order).

Consequently, we abated this matter to the trial court in accordance with our holding in *Keys* and in reliance on Rule 44.4 of the Texas Rules of Appellate Procedure, to allow the trial court to orally pronounce sentence in Willis' presence and in open court. *See Keys*, 340 S.W.3d at 529 (citing TEX. R. APP. P. 44.4) (when error can be corrected by trial court, we first direct trial court, in accordance with Rule 44.4, to take the corrective action; once error has been corrected, we address other issues on appeal).

This matter has been returned to our jurisdiction after abatement to the trial court, during which time the trial court held a hearing in open court and orally pronounced sentence in Willis' presence in

1. *See* TEX. PENAL CODE ANN. § 22.011 (West 2011).

open court.[2] Because sentence in each case was orally pronounced in Willis' presence and in open court, we overrule his first point of error.

## II. The Trial Court Properly Adjudicated Willis Guilty of Both Counts of Sexual Assault of a Child

■ In his second point of error, Willis contends that, because he did not plead guilty to two counts of sexual assault of a child, he should not have been found guilty of both counts. Article 27.13 of the Texas Code of Criminal Procedure provides,

A plea of "guilty" or a plea of "nolo contendere" in a felony case must be made in open court by the defendant in person; and the proceedings shall be as provided in Articles 26.13, 26.14 and 27.02. If the plea is before the judge alone, same may be made in the same manner as is provided for by Articles 1.13 and 1.15.

TEX. CODE CRIM. PROC. ANN. art. 27.13 (West 2006). The State argues that the record demonstrates substantial compliance with Article 27.13 and that there was no error. We agree.

■ Article 27.13 does not require an oral plea. *See Costilla v. State*, 146 S.W.3d 213, 217 (Tex. Crim. App. 2004) (Although "the better practice is to inquire of the defendant personally what his plea is," the statute does not require an oral plea.); *Shields v. State*, 608 S.W.2d 924, 927 (Tex. Crim. App. [Panel Op.] 1980). "[A]ny complaint arguing deviation from Article 27.13 should be evaluated under the particular facts of that case to determine whether the trial court complied with the applicable law." *Costilla*, 146 S.W.3d at 217. Substantial compliance with Article 27.13 occurs when a defendant in open court acknowl-

edges the plea as his, regardless of whether an oral plea is actually entered. *See id.* Even when the trial court does not secure the defendant's spoken plea of guilty and does not interact with the defendant at the time of the plea, if the facts point to defendant's voluntary desire to plead guilty, the trial court has complied with the statute. *See id.*

Here, the following exchange took place at the plea hearing:

THE COURT: .... I've been told this morning you wish to enter a plea of guilty; is that true?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. And I know you and your lawyer have been going over what's called the script for the last few minutes. Derric, do you have that with you?

[DEFENSE COUNSEL]: I do, sir, yes, sir.

THE COURT: .... This document is a four-page document. It reads written plea admonishments, and it has your name on it and the cause number in this particular case. And the offense set out is sexual assault of a child. The document basically is you waiving your constitutional rights in a criminal case, but more importantly, right now, at this particular moment, I need you to understand that document is a plea of guilty to that charge. Do you understand that? Is that a yes?

THE DEFENDANT: Yes, sir.

THE COURT: .... And, again, you understand the punishment range in this is not less than two, nor more than 20 years in TDC? Yes?

---

2. The trial court also issued new judgments of conviction for each offense for which Willis was convicted, each of which reflect that sen-

tence was imposed on November 3, 2016—the date on which Willis was sentenced in open court.

THE DEFENDANT: You're saying it's two to 20?

. . . .

THE COURT: Yes. It's two to 20.

[THE STATE]: Judge, there's two counts. So there's going to be—the State filed a motion to cumulate. So the maximum would be 40.

THE COURT: All right. So it could be two to 20, and it could be two to 40, depending on how, I guess, at the end of the punishment phase whether or not I stacked them or not, or run them consecutive. . . .

. . . .

THE COURT: Okay. Then to the offense of sexual assault of a child, how do you plead, guilty or not guilty?

THE DEFENDANT: Guilty.

THE COURT: Plead guilty because you are guilty and for no other reason?

THE DEFENDANT: Yes, sir.

THE COURT: Freely and voluntarily?

THE DEFENDANT: Yes, sir.

THE COURT: No one's promised you anything or forced you to do this?

THE DEFENDANT: No, sir.

Although Willis only pled guilty to one count of sexual assault of a child at the plea hearing, the State reminded the trial court that Willis was charged with two counts of sexual assault of a child. The trial court then admonished Willis on the punishment range for both counts. Later in the proceedings, the following exchange occurred:

THE COURT: All right. The jury is out of earshot. I need a quick housekeeping matter tended to right quick, and, Kelley, it kind of came up to me. I don't know that we went over this during the plea, and, Derric, I know he pled guilty to the charge. But now, did y'all understand there's two counts in that indictment, and y'all were pleading to both counts? Mr. Willis, did you understand that?

THE DEFENDANT: How is it two counts?

[DEFENSE COUNSEL]: That was my understanding, Your Honor. You understand what he's asking? You're pleading guilty to both counts?

THE DEFENDANT: I don't see how it's two counts of sexual assault.

[DEFENSE COUNSEL]: One was the vaginal, and one was the oral.

THE DEFENDANT: Oh, yes, sir.

THE COURT: Okay. I didn't know if I got that on the record. I just want to make sure that y'all knew that you were pleading to both counts on that. Okay. I will make that note in the record then. . . .

During this exchange, Willis acknowledged—following an explanation from his attorney of how his alleged conduct constituted two counts of sexual assault—that his guilty plea encompassed both of those counts. As in *Costilla*, Willis signed written plea admonishments and a written "Judicial Confession."[3] In open court, Willis

---

3. The judicial confession states:

I have read the Indictment or information filed in this case and I committed each and every allegation it contains. I am guilty of the offense alleged as well as all lesser included offenses as well as all enhancement allegations. I swear that all testimony I give in the case will be the truth, the whole truth, and nothing but the truth, so help me God.

The indictment reads:

The Grand jury of Bowie County, Texas, duly organized at the July Term, 2014, of the District Court of Bowie County, Texas, do present in the County of Bowie and State of Texas, that
                    TEVIN WILLIS

acknowledged he was pleading guilty, and the record discussion indicates his voluntary desire to plead guilty to both counts of sexual assault. *See id.*

Willis relies on *White v. State*, 932 S.W.2d 593 (Tex. App.–Tyler 1995, pet. ref'd), in support of his claim that guilt was properly adjudicated on only one count of sexual assault. In *White*, the defendant entered his plea regarding cocaine possession. The indictment also alleged a second offense of possession of marihuana. *Id.* at 596. The State initially informed the trial court that it would abandon all other paragraphs in the indictment, but it later announced its intention to proceed on both offenses. *Id.* Although the trial court did not obtain a guilty plea from the defendant regarding the marihuana charge, the court found him guilty on both charges. *Id.* Even though White stipulated that he knowingly possessed both cocaine and marihuana, the appellate court found a violation of Article 27.13 because White did not plead guilty to the marihuana charge in open court. *Id.* at 597.

Here, the record reflects that Willis responded affirmatively to the trial court's inquiry of whether he was pleading guilty to both counts. There was no confusion, as was the case in *White*, in which the State initially indicated that it would abandon the marihuana charge, but later announced its intention to proceed on both offenses. We find that, following the standard in *Costilla*, the record reflects Willis' desire to plead guilty to both offenses. We overrule this point of error.

### III. Modification of the Judgment to Reduce Court Costs

■ The judgment rendered on count one of the indictment includes an assessment of court costs against Willis in the amount of $624.00. Willis contends that the evidence is insufficient to support this assessment because the record does not include a bill of costs marked with the district clerk's endorsement. Although it was not stamped "filed" by the clerk, the clerk's record includes a bill of costs.

■ Article 103.001 of the Texas Code of Criminal Procedure states that "a cost is not payable by the person charged with the cost until a written bill containing the items of cost is ... produced" and is "signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost" and the statement is "provided to the person charged with the cost." TEX. CODE CRIM. PROC. ANN. art. 103.001(b) (West Supp. 2016). Additionally, a bill of costs must be certified and signed by an officer of the court. TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006). "Thus, a bill of costs must contain the items of cost, it must be signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost, and it must be certified." *Johnson v. State*, 423 S.W.3d 385, 392 (Tex. Crim. App. 2014). In this case, the document included in the clerk's record is captioned

hereinafter referred to as the Defendant, heretofore on or about August 15, 2014, did then and there intentionally or knowingly cause the penetration of the sexual organ of Emily Taylor (a pseudonym), a child who was then and there under the age of 17 years, by the defendant's sexual organ.
**COUNT TWO**
And it is further presented in and to said Court that heretofore on or about August

15, 2014, the said Tevin Willis, hereinafter referred to as the defendant, did then and there intentionally or knowingly cause the penetration of the mouth of Emily Taylor (a pseudonym), a child who was then and there under the age of 17 years, by the defendant's sexual organ.
AGAINST THE PEACE AND DIGNITY OF THE STATE

"Felony Statement of Cost" and lists the itemized costs that accrued in Willis' case together with certain additional fees. The statement is signed and dated by the clerk, and the statement indicates that the defendant was provided a copy of it in the courtroom. The statement is not, however, certified by an officer of the court as required by statute.

In *Johnson*, the Court of Criminal Appeals held that a JIMS report was a bill of costs because the report itemized the accrued court costs, was certified by the district clerk, and was signed by a deputy clerk. *Id.* at 393. The statement here is not a proper bill of costs because it is not certified. Consequently, we must determine whether there is a basis for the costs in the record. *See id.* at 389–90; *Garza v. State*, 425 S.W.3d 649, 653 (Tex. App.–Houston [14th Dist.] 2014, pet. ref'd) ("Although it is the most expedient and preferable method to sustain statutorily authorized and assessed court costs, a bill of costs is not required to support the amount of court costs if the reviewing court concludes that the assessed costs are supported by the facts in the record."); *see also Adams v. State*, 431 S.W.3d 832, 838 (Tex. App.–Houston [14th Dist.] 2014, no pet.) ("Court of Criminal Appeals has stated in binding judicial dicta that a bill of costs is not required to sustain the trial court's assessment of a specific amount of court costs.") (citing *Johnson*, 423 S.W.3d at 389–91, 394–96).

The trial court assessed $624.00 in costs against Willis. The sum of the itemized costs in the Felony Statement of Cost is $583.00. The costs assessed by the trial court includes fees that do not appear in the Felony Statement, and there is no indication in the record of the source of those additional fees. We, therefore, begin with the premise that the maximum amount of costs that could be supported by

the record is $583.00. We turn to the record to determine if the assessment of $583.00 is supported.

Because the record demonstrates that Willis was convicted of two counts of sexual assault of a child, both of which are felony offenses under Section 22.011 of the Texas Penal Code, and the punishment trial was before a jury, a factual basis exists for each of the following costs listed in the Felony Cost Statement:

(1) $133.00 in consolidated court costs. Section 133.102 of the Local Government Code provides, "A person convicted of an offense shall pay as a court cost ... $133 on conviction of a felony." TEX. LOCAL GOV'T CODE ANN. § 33.102(a)(1) (West Supp. 2016).

(2) $40.00 in fees to the clerk. Article 102.005 of the Code of Criminal Procedure provides, "A defendant convicted of an offense in a ... district court shall pay for the services of the clerk of the court a fee of $40." TEX. CODE CRIM. PROC. ANN. art. 102.005(a) (West 2006).

(3) $25.00 in fees for records management and preservation. Article 102.005 of the Code of Criminal Procedure provides, "A defendant convicted of an offense in a ... district court shall pay a fee of $25 for records management and preservation services performed by the county as required by Chapter 203, Local Government Code." TEX. CODE CRIM. PROC. ANN. art. 102.005(f) (West 2006).

(4) $5.00 in fees for the courthouse security fund. Article 102.017 of the Code of Criminal Procedure provides, "A defendant convicted of a felony offense in a district court shall pay a $5 security fee as a cost of court." TEX. CODE CRIM. PROC. ANN. art. 102.017(a) (West Supp. 2016).

(5) $4.00 in fees for jury service. Article 102.0045 of the Code of Criminal Procedure provides, "A person convicted of any offense ... shall pay as court cost,

in addition to all other costs, a fee of $4 to be used to reimburse counties for the cost of juror services as provided by Section 61.0015, Government Code." TEX. CODE CRIM. PROC. ANN. art. 102.0045(a) (West Supp. 2016).

(6) $6.00 in fees to support the State and County Judiciary Fund. Section 133.105 of the Local Government Code provides, "A person convicted of any offense ... shall pay as a court cost, in addition to all other costs, a fee of $6 to be used for court-related purposes for the support of the judiciary." TEX. LOCAL GOV'T CODE ANN. § 133.105(a) (West 2008).

(7) $2.00 in fees to support the indigent defense fund. Section 133.107 of the Local Government Code provides, "A person convicted of any offense .... shall pay as a court cost, in addition to other costs, a fee of $2 to be used to fund indigent defense representation through the fair defense account established under Section 79.031, Government Code." TEX. LOCAL GOV'T CODE ANN. § 133.107(a) (West Supp. 2016).

(8) $4.00 in fees to support the court technology fund. Article 102.0169 of the Code of Criminal Procedure provides, "A defendant convicted of a criminal offense in a ... district court shall pay a $4 county and district court technology fee as a cost of court." TEX. CODE CRIM. PROC. ANN. art. 102.0169(a) (West Supp. 2016).

(9) $10.00 in total fees for peace officers for notice to appear in court and release. Article 102.011 of the Texas Code of Criminal Procedure provides, "A defendant convicted of a felony ... shall pay" certain enumerated fees "for services performed in the case by a peace officer," including "$5 for issuing a written notice to appear in court following the defendant's violation of a ... penal law of this state, or for making an arrest

without a warrant." TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(1) (West Supp. 2016). This Article further provides that such a defendant shall pay "$5 for commitment or release." TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(6) (West Supp. 2016).

(10) $5.00 fee for electronic filing. Section 51.851 of the Government Code, captioned "Electronic Filing Fee," provides that "a person shall pay $5 as a court cost on conviction of any criminal offense in a district court ...." TEX. GOV'T CODE ANN. § 51.851 (d) (West Supp. 2016).

(11) $25.00 time payment fee. Section 102.0212 of the Government Code provides, "A person convicted of an offense shall pay ... a time payment fee if convicted of a felony ... for paying any part of a fine, court costs, or restitution on or after the 31st day after the date on which a judgment is entered assessing ... court costs ...." TEX. GOV'T CODE ANN. § 102.0212(4) (West 2013).

(12) $250.00 fee for DNA testing. Article 102.020 of the Code of Criminal Procedure provides, "A person shall pay as a cost of court ... $250 on conviction of an offense listed in Section 411.1471(a)(1), Government Code". TEX. CODE OF CRIM. PROC. ANN. art. 102.020(a)(1) (West Supp. 2016). Section 411.1471 of the Government Code lists the offense of which Willis was convicted pursuant to Section 22.011 of the Penal Code. TEX. GOV'T CODE ANN. § 411.1471(a)(1)(C) (West Supp. 2016); TEX. PENAL CODE ANN. § 22.011.

The sum of these costs, all of which are supported by the record, is $509.00.

In addition to the foregoing fees which are supported by the record, two additional fees were assessed against Willis which are not supported by the record. Willis was assessed $40.00 in jury fees. Article

102.004 of the Code of Criminal Procedure provides, "A defendant convicted by a jury in a ... district court shall pay a jury fee of $40." TEX. CODE CRIM. PROC. ANN. art. 102.004(a) (West Supp. 2016). Here, Willis was convicted by the trial court after he pled guilty. Because the $40.00 jury fee is properly assessed only when a defendant is convicted by a jury, this charge is not supported by the record.

Willis was also assessed a $34.00 fee for DNA testing. Article 102.020 of the Code of Criminal Procedure provides, "A person shall pay as a cost of court ... $34 on placement of the person on community supervision, including deferred adjudication community supervision, if the person is required to submit a DNA sample under Section 11(j), Article 42.12." TEX. CODE CRIM. PROC. ANN. art. 102.020(a)(3) (West Supp. 2016). Because Willis was not placed on any type of community supervision, the $34.00 DNA testing fee is not supported by the record.

Because the record only supports the imposition of court costs in the amount of $509.00, we modify the judgment by deleting the assessment of $624.00 in court costs and by substituting in its place an assessment of $509.00 in court costs. *See* TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992).

## IV. Conclusion

As modified, we affirm the trial court's judgment.