**Order filed October 21, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00190-CR

_____

### BILLY MARSHALL SHERMAN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 266th District Court**
**Erath County, Texas**
**Trial Court Cause No. CR15259**

## O R D E R

The State charged Billy Marshall Sherman by indictment with one count of online solicitation of a minor. *See* TEX. PENAL CODE ANN. § 33.021(a)(1), (a)(3), (b)(2), (f) (West 2016). After Appellant waived his right to a jury trial, the trial court found Appellant guilty and assessed his punishment at confinement for ten years in the Institutional Division of the Texas Department of Criminal Justice. In a single

issue, Appellant contends that the trial court erred when it sentenced him in absentia. We abate this appeal and remand the case to the trial court for Appellant to be personally present for sentencing.

## Background Facts

We note at the outset that the trial court sealed the reporter's record in this cause. Accordingly, we will only discuss its contents as it directly relates to this appeal.

At the conclusion of the bench trial on guilt/innocence, the trial court announced on the record in Appellant's presence that the punishment hearing would occur on May 28, 2019. Appellant did not personally appear at the subsequent punishment hearing or sentencing.[1] The trial court noted at the outset of the punishment hearing that it had been advised by the bailiff that Appellant refused to leave his jail cell to appear in court. Appellant's trial counsel informed the trial court that Appellant "knew the purpose of coming and he declined to come."

The trial court granted Appellant's counsel's request for an additional opportunity to speak with Appellant at the jail in order for counsel to try to convince Appellant to appear in court for the remainder of trial. After a recess, counsel stated that he spoke with Appellant again at the jail and that Appellant still declined to appear. The trial court then asked the bailiff to testify about Appellant's absence. The bailiff testified that Appellant refused transport to the courthouse. Following the presentation of evidence during the punishment phase, the trial court assessed Appellant's punishment and pronounced Appellant's sentence in open court in Appellant's absence.

---

[1]The court reporter filed a separate volume of the reporter's record for sentencing. However, it appears that sentencing occurred immediately after the punishment hearing.

*Analysis*

In a single issue, Appellant contends that the trial court erred in sentencing him without his presence as required by Article 42.03 of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art 42.03 (West Supp. 2020). Article 42.03, section 1(a) provides that "[e]xcept as provided in Article 42.14, sentence shall be pronounced in the defendant's presence." There is no contention, and it does not appear, that an exception in Article 42.14 exists in this case.

Appellant does not challenge his sentence—he only asks that we abate the appeal so that he may be physically present for sentencing. With respect to the alleged error that Appellant contends the trial court committed by sentencing him in absentia, we note that it was an error that Appellant caused to occur by his refusal to appear in court. As set forth below, however, there is an absolute requirement for a defendant to be physically present for sentencing and the failure to do so has jurisdictional ramifications.[2] Accordingly, we abate this appeal and remand this proceeding with instructions that sentencing shall only occur when Appellant is physically present.

Courts have held that the defendant must be physically present for sentencing, and the failure to do so deprives the appellate court of jurisdiction to consider the appeal. *See Willis v. State*, 532 S.W.3d 461, 463 (Tex. App.—Texarkana 2017, no pet.) (citing *Thompson v. State*, 108 S.W.3d 287, 293 (Tex. Crim. App. 2003));

---

[2]We are mindful of the doctrine of invited error, which provides that a party cannot take advantage of an error that it invited or caused, even if the error is fundamental. *Woodall v. State*, 336 S.W.3d 634, 644 (Tex. Crim. App. 2011) (citing *Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999)). "In other words, a party is estopped from seeking appellate relief based on error that it induced." *Id.* "To hold otherwise would be to permit him to take advantage of his own wrong." *Id.* (quoting *Prystash*, 3 S.W.3d at 531). Because of the absolute requirement for a defendant to be physically present for sentencing, however, it appears that the invited error doctrine is inapplicable.

*Meachum v. State*, 273 S.W.3d 803, 804–06 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (same). However, the error can be remedied by abating the appeal and remanding the case in order for the defendant to be physically present for sentencing. *Willis*, 532 S.W.3d at 463; *Meachum*, 273 S.W.3d at 806. Appellant relies upon these cases to assert that we should abate this appeal and remand the case to the trial court so that he can be physically present for sentencing. Regrettably, we must agree.[3]

## *This Court's Ruling*

Therefore, we abate this appeal and order the trial court to hold a new sentencing hearing, within forty-five days of the date of this order, so that the sentence previously assessed by the trial court may be pronounced in open court with Appellant physically present in accordance with Article 42.03.

We further order the district clerk to create a supplemental clerk's record containing the trial court's written judgment reflecting the date that the new sentence was imposed as required by this order. We further order the court reporter for the 266th District Court to create a supplemental reporter's record containing a transcript of the new sentencing hearing and to file the supplemental reporter's record with this court within thirty days after the trial court files its written judgment.

Upon the filing of the supplemental clerk's record and the supplemental reporter's record with this court, the appeal will be reinstated. This court will issue

---

[3]There is no question that Appellant was aware of the date and time of the punishment hearing and that his absence was voluntary. Furthermore, the record shows that the trial court and Appellant's trial counsel made every effort to procure Appellant's presence at trial. The trial court even allowed Appellant's trial counsel an opportunity to go to the jail and attempt to convince Appellant to appear. However, unless the exceptions set forth in Article 42.14 apply, the requirement for the defendant to be physically present at sentencing is absolute—to the point that an unwilling defendant must be physically forced to appear at sentencing in open court.

further orders and instructions to the parties as necessary upon the receipt of the record from the new sentencing hearing.

It is so ordered.

JOHN M. BAILEY

CHIEF JUSTICE

October 21, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.