**Paul Kevin KEYS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–10–00091–CR.**

Court of Appeals of Texas,
Texarkana.

April 12, 2011.

Troy A. Hornsby, Miller, James, Miller & Hornsby, LLP, Texarkana, for appellant.

William W. Ramsay, County Atty., Mt. Vernon, for appellee.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

### ORDER

JOSH R. MORRISS, III, Chief Justice.

After finding Paul Kevin Keys guilty of

driving while intoxicated (DWI),[1] a Franklin County jury assessed Keys' punishment as a fine in the amount of $2,000.00 "and/or" confinement for a period of 183 days. The trial court entered judgment sentencing Keys to 183 days in the county jail in addition to a fine in the amount of $2,000.00, but, according to the record, never actually orally pronounced the sentence in Keys' presence.[2] On appeal, Keys claims first that the trial court committed fundamental error in failing to impose the sentence in open court. He also claims that the trial court committed fundamental error in assessing a fine in addition to confinement and that the evidence is not sufficient to prove the offense occurred in Franklin County.

■ Because the trial court failed to impose sentence orally in Keys' presence, this Court does not now have jurisdiction to hear this appeal. Accordingly, we abate this cause to the trial court for a sentencing hearing.

■ Courts are required to pronounce sentence orally in the defendant's presence. TEX.CODE CRIM. PROC. ANN. art. 42.03, § 1(a) (Vernon Supp.2010);[3] *Taylor v. State*, 131 S.W.3d 497, 500 (Tex.Crim.

App.2004); *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex.Crim.App.2002). The judgment, including the sentence assessed, is merely a written manifestation of that oral pronouncement. TEX.CODE CRIM. PROC. ANN. art. 42.01, § 1 (Vernon Supp.2010); *Taylor*, 131 S.W.3d at 500; *Madding*, 70 S.W.3d at 135. As explained by the Texas Court of Criminal Appeals in *Madding*, oral pronouncement of the sentence in the presence of the defendant is necessary because "the imposition of sentence is the crucial moment when all of the parties are physically present at the sentencing hearing and able to hear and respond to the imposition of sentence." *Madding*, 70 S.W.3d at 135. Therefore, "it is the pronouncement of sentence that is the appealable event, and the written sentence or order simply memorializes it and should comport therewith." *Id.* (quoting *Coffey v. State*, 979 S.W.2d 326, 328 (Tex.Crim.App. 1998)).

Because the trial court failed to orally pronounce Keys' guilt and punishment in his presence, Keys claims his conviction should be reversed, or if the error is jurisdictional, the matter should be abated to

---

1. TEX PENAL CODE ANN. § 49.09 (Vernon Supp. 2010). Keys was charged with a class A misdemeanor due to a prior DWI conviction.

2. At the conclusion of the punishment hearing, the trial court read the jury's punishment verdict in open court, but did not, however, orally pronounce Keys guilty of the primary DWI offense or the enhancement of that offense. After the trial court received the verdict, and after confirming that it was unanimous, the trial court stated:

    Cause No. 11438, The State of Texas versus Paul Kevin Keys. Punishment Verdict. "We the Jury, having found the Defendant, Paul Kevin Keys, guilty of the offense of a Class A misdemeanor, offense of driving while intoxicated second, assesses the punishment of the Defendant as follows: We set the fine at two thousand dollars. We set

    the confinement, one hundred eighty-three days."
    Thank you. And I will [sic] you some further instructions here. Ladies and Gentlemen of the Jury, your duty as Jurors is complete....
    We're off the record.

3. Article 42.03, Section 1(a) provides that the sentence shall be pronounced in the defendant's presence, except as provided in Article 42.14, which allows such to be done in the absence of the defendant in a misdemeanor case. TEX.CODE CRIM. PROC. ANN. art. 42.03 (Vernon Supp.2010). Even though this is a misdemeanor case, Article 33.03 requires a defendant to be present in a misdemeanor case in which the potential range of punishment includes a jail sentence. TEX.CODE CRIM. PROC. ANN. art. 33.03 (Vernon 2006).

the trial court for a new sentencing hearing. The State contends Article 42.03 was satisfied because sentence was imposed in Keys' presence. In support of this contention, the State points to the fact that in 1981, the Legislature "deleted the element of 'oral pronouncement in the defendant's presence,'" as acknowledged by our sister court in *Meachum v. State*, 273 S.W.3d 803, 804 (Tex.App.-Houston [14th Dist.] 2008, no pet.).[4] The procedural requirement of pronouncement of sentence was, at the time of the 1981 amendment of the definition of "sentence," moved to Article 42.03, which provides that sentence "shall be pronounced in the defendant's presence." Tex.Code Crim. Proc. Ann. art. 42.03.

To show that sentence was pronounced in Keys' presence, the State points to the judgment of conviction by jury, the second page of which is signed by Keys. Keys' signature on the judgment appears below the section entitled "Execution/Suspension of Sentence (select one)." The box that is checked is followed by the statement that: "The Court ORDERS Defendant's sentence Executed." The judgment lists the date of imposition of sentence as April 28, 2010.

The State concedes that there is no indication in the record that sentence was orally pronounced in Keys' presence, but nevertheless maintains compliance with the statutory requirement as tantamount to an oral pronouncement. The State further seems to imply that, after the 1981 amendment, oral pronouncement of a sentence is not required; rather, it is sufficient if sentence is acknowledged in writing by the defendant, as witnessed by his or her signature. We disagree.

The Texas Court of Criminal Appeals has unequivocally continued to require oral pronouncement of a defendant's sentence in his or her presence. *See Taylor*, 131 S.W.3d at 500; *Madding*, 70 S.W.3d at 135; *Coffey*, 979 S.W.2d at 328 (when oral pronouncement of sentence and written judgment vary, oral pronouncement controls). *Meachum* did not hold to the contrary. The issue facing the *Meachum* court was whether the oral pronouncement in the defendant's presence remains a jurisdictional requirement, or whether failure to orally pronounce sentence in the defendant's presence is now nonjurisdictional error. *Meachum*, 273 S.W.3d 803. Indeed, that is the issue now before us. The record here clearly fails to reflect the trial court's oral pronouncement of Keys' sentence in his presence.

In analyzing this issue, *Meachum* recognized that before 1981, appellate courts dismissed a criminal appeal for want of jurisdiction when sentence was not orally pronounced in the defendant's presence. *Id.* at 804; *see Casias v. State*, 503 S.W.2d 262, 264–65 (Tex.Crim.App.1973) (when record does not reflect that sentence was pronounced in defendant's presence, there is no sentence, and court is without jurisdiction to entertain appeal). The court then considered whether, since pronouncement is no longer an element of a sentence—but is nevertheless required under Article 42.03—the failure to orally pronounce sentence in the defendant's presence is nonjurisdictional error.

In determining whether compliance with Article 42.03 is a jurisdictional requirement, the *Meachum* court relied on *Thompson v. State*, 108 S.W.3d 287 (Tex. Crim.App.2003). In *Thompson*, the inter-

---

4. In 1981, the Texas Legislature redefined "sentence" as "that part of the judgment, or order revoking a suspension of the imposition of a sentence, that orders that the punishment be carried into execution in the manner prescribed by law." Tex.Code Crim. Proc. Ann. art. 42.02 (Vernon 2006).

mediate court dismissed a portion of the appeal for lack of jurisdiction, because sentence was not orally pronounced in the defendant's presence on the charge of indecency. *Thompson v. State*, 85 S.W.3d 415, 417 (Tex.App.-Fort Worth 2002), *aff'd*, 108 S.W.3d 287 (Tex.Crim.App.2003). The Texas Court of Criminal Appeals affirmed that decision, stating that the intermediate court "correctly dismissed the appeal over the [indecency] count for want of jurisdiction." *Thompson*, 108 S.W.3d at 293. The case at bar is no different—the trial court failed entirely to pronounce punishment on the charged offense and the enhancement. Therefore, this Court is without jurisdiction to hear Keys' appeal from his conviction.

We decline, however, to dismiss Keys' appeal. Rather, we choose to adopt the course of disposition of our sister court in *Meachum*, and abate this matter to the trial court to orally pronounce sentence in Keys' presence. In reliance on Rule 44.4 of the Texas Rules of Appellate Procedure, *Meachum* found that "a proper and more efficient remedy" is abatement. *Meachum*, 273 S.W.3d at 806.[5] We agree. Rule 44.4 directs us, in this circumstance in which the error can be corrected by the trial court, not to dismiss, but first to direct that the trial court take the corrective action and then, once the error has been corrected, to address the other issues on appeal. *See* TEX.R.APP. P. 44.4.

We, therefore, by this order, abate this appeal and remand the cause to the trial court. On remand, the trial court shall give notice of a hearing to be held and, thereafter, pronounce the sentence in Keys' presence. The sentencing hearing is to be conducted within thirty days of this order. A supplemental court reporter's record of the sentencing shall be prepared and filed in the record of this appeal, together with a supplemental clerk's record containing the trial court's judgment. These records are due within forty-five days of the date of this order.

This appeal will be reinstated when the supplemental records are filed with this Court. On reinstatement, this Court will consider the merits of the remaining issues raised in Keys' brief.

IT IS SO ORDERED.

---

**5.** In deciding to abate the appeal, *Meachum* further relied on the statement by the Texas Court of Criminal Appeals that "we need not address the question of whether there is only one proper remedy for this situation; it is enough to determine whether the court of appeals chose a proper remedy." *Thompson*, 108 S.W.3d at 290–91.