Opinion filed March 22,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00317-CR

                                                    __________

 

                            FELMON
LAKEITH LAURY, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 82nd District Court

 

                                                        Robertson
County, Texas

 

                                             Trial Court
Cause No. 08-03-18448CR

 



 

M
E M O R A N D U M    O P I N I O N

Pursuant to a plea agreement, Felmon Lakeith Laury pleaded guilty in 2008 to the offense
of aggravated assault with a deadly weapon.  The trial court deferred a finding
of guilt and placed him on deferred adjudication community supervision for a
term of ten years.  In 2010, the State filed a motion to proceed with an
adjudication of guilt, alleging multiple violations of the terms and conditions
of community supervision.  The trial court heard the motion to proceed on August
25, 2010.  The trial court took the matter under advisement at the conclusion
of the hearing.

The
trial court subsequently entered a written judgment, finding the alleged
violations to be true, adjudicating appellant guilty of the charged offense, and
assessing his punishment at confinement in the Institutional Division of the
Texas Department of Criminal Justice for a term of twenty years.  However, the
trial court failed to sentence appellant in open court.  Pursuant to the
requirements of Tex. R. App. P. 44.4, we
entered an order on August 25, 2011, abating the appeal and remanding it to the
trial court so that sentence could be pronounced in open court with appellant
present.  See Keys v. State, 340 S.W.3d 526 (Tex. App.—Texarkana
2011, order); Meachum v. State, 273 S.W.3d 803, 806 (Tex. App.—Houston
[14th Dist.] 2008, order).  After the trial court complied with our order, we
reinstated the appeal.  We now dismiss the appeal.

Appellant’s
court-appointed counsel has filed a motion to withdraw.  The motion is
supported by a brief in which counsel professionally and conscientiously
examines the record and applicable law and states that he has concluded that
the appeal is frivolous.  Counsel has provided appellant with a copy of the
brief and advised appellant of his right to review the record and file a response
to counsel’s brief.  Court-appointed counsel has complied with the requirements
of Anders v. California, 386 U.S. 738 (1967); In re Schulman, 252
S.W.3d 403 (Tex. Crim. App. 2008); Stafford v. State, 813 S.W.2d 503
(Tex. Crim. App. 1991); High v. State, 573 S.W.2d 807 (Tex. Crim. App.
1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous
v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969); and Eaden v. State,
161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Appellant
has filed a pro se response to counsel’s motion to withdraw and supporting
brief.  In addressing an Anders brief and pro se response, a court of
appeals may only determine (1) that the appeal is wholly frivolous and issue an
opinion explaining that it has reviewed the record and finds no reversible
error or (2) that arguable grounds for appeal exist and remand the cause to the
trial court so that new counsel may be appointed to brief the issues.  Schulman,
252 S.W.3d 403; Bledsoe v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App.
2005).

Following the procedures outlined in Anders and Schulman, we have
independently re-viewed the record, and we agree that the appeal is without
merit and should be dismissed.  Schulman, 252 S.W.3d at 409.  

We note that counsel has the responsibility to advise appellant that he may file a
petition for discretionary review with the clerk of the Texas Court of Criminal
Appeals seeking review by that court.  Tex.
R. App. P. 48.4 (“In criminal cases, the attorney representing the
defendant on appeal shall, within five days after the opinion is handed down,
send his client a copy of the opinion and judgment, along with notification of
the defendant’s right to file a pro se petition for discretionary review
under Rule 68.”).  Likewise, this court advises appellant that he may file a
petition for discretionary review pursuant to Tex.
R. App. P. 68.

 The
motion to withdraw is granted, and the appeal is dismissed.  

 

                                                                                                            PER
CURIAM

            

March 22, 2012

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.