

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00005-CR

KENNETH WAYNE COOK, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. CR13-029

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Kenneth Wayne Cook, appellant, was convicted by a jury on December 10, 2013, of burglary of a building. Following the announcement of the jury's verdict on December 10, the trial court recessed until the following day, December 11, when the punishment phase of the trial was scheduled to begin. Cook failed to appear in court on December 11 for the punishment and sentencing phases of the trial, never surrendered to authorities, and apparently remains at large to this day. After affording Cook's court-appointed counsel an opportunity to locate Cook, the trial court proceeded with the punishment phase of the trial on December 11 without Cook. The jury recommended a sentence of eighteen months in a state jail facility, and the trial court entered a written judgment on December 11, 2013, that purported to sentence Cook, consistent with the jury's recommendation, in absentia. On December 20, 2013, in an effort to protect his client's interests, Cook's trial counsel filed a notice of appeal on Cook's behalf.

The State subsequently filed a motion to dismiss the appeal relying on Rule 42.4 of the Texas Rules of Appellate Procedure, which allows for the involuntary dismissal of an appeal in a criminal matter when the appellant has escaped from custody pending appeal.[1] *See* TEX. R. APP. P. 42.4. In reviewing and considering the State's motion, we identified a more basic jurisdictional issue raised by the facts of this case.[2] Except in a very limited set of circumstance

---

[1] Rule 42.4 is applicable to a very limited set of circumstances. Because we find that we lack jurisdiction over this appeal, we need not consider and make no determination regarding the applicability of Rule 42.4 to the facts of this case.

[2] We note that neither the clerk's nor reporter's records have been filed in this matter. While the lack of an appellate record would unquestionably preclude us from reaching the merits of Cook's appeal, the issue at hand is one of jurisdiction. "[E]ach court has jurisdiction to determine whether it has jurisdiction." *State v. Roberts*, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996), *overruled in part on other grounds by State v. Medrano*, 67 S.W.3d 892 (Tex.

not present in this case, Article 42.03, Section 1(a) of the Texas Code of Criminal Procedure requires trial courts to pronounce sentence in the defendant's presence. TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a) (West Supp. 2013); *see* TEX. CODE CRIM. PROC. ANN. art. 42.14 (West Supp. 2013). Compliance with Article 42.03, Section 1(a) is a jurisdictional requirement, and in the absence of such compliance, an appellate court is without jurisdiction. *Keys v. State*, 340 S.W.3d 526, 528–29 (Tex. App.—Texarkana 2011, pet. ref'd).

Because Cook absconded prior to sentencing, the trial court did not and could not have orally pronounced sentence in Cook's presence. Consequently, this Court lacks jurisdiction over this appeal.

Having found that we lack jurisdiction, the next issue we must address is the proper remedy. Under Rule 44.4 of the Texas Rules of Appellate Procedure, when the proper presentation of a case on appeal is the result of a remediable act or failure to act by the trial court, we are required to direct the trial court to remedy the error in lieu of dismissing the appeal. TEX. R. APP. P. 44.4. While we have previously utilized Rule 44.4 in similar situations to abate the matter to the trial court with directions to orally pronounce sentence in the defendant's presence, *see Keys*, 340 S.W.3d at 529, this case presents a rare and unique set of circumstances. Given that Cook is currently at large, the defect in our jurisdiction is not immediately curable. Further, it is unclear when, if ever, the defect can be remedied. Under these circumstances, we

---

Crim. App. 2002). As we have previously held, we are permitted to consider nonrecord affidavits in deciding matters affecting our jurisdiction. *Hernandez v. State*, 84 S.W.3d 26, 32 (Tex. App.—Texarkana 2002, pet. ref'd) (citing *Yarbrough v. State*, 57 S.W.3d 611, 615 (Tex. App.—Texarkana, 2001, pet. ref'd). As required by Rule 42.4 of the Texas Rules of Appellate Procedure, the State filed an affidavit in support of its motion seeking the involuntary dismissal of this appeal. Our determination that we lack jurisdiction over this appeal is based on the sworn assertions contained in the State's nonrecord affidavit.

find that dismissal of the appeal is a more appropriate remedy than abatement. If and when Cook is apprehended, the trial court can pronounce sentence at that time, which will begin the running of Cook's appellate time requirements. Consequently, our decision does not deprive the appellant of the right to appeal.

We dismiss this appeal for want of jurisdiction.


Bailey C. Moseley
Justice

Date Submitted:    April 2, 2014
Date Decided:    April 3, 2014

Do Not Publish