# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00463-CR

**Javiele Jason Frias, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
### NO. D-1-DC-11-205934, THE HONORABLE BRENDA KENNEDY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

**PER CURIAM**

After finding appellant Javiele Jason Frias guilty of burglary of a habitation, a Travis County jury assessed his punishment at 75 years' imprisonment and a $10,000 fine. The trial court entered a judgment sentencing appellant to serve 75 years in the Texas Department of Criminal Justice and imposing a $10,000 fine. According to the record, however, the trial court never orally pronounced the sentence.[1]

---

[1] At the conclusion of the punishment phase of trial, the trial court read the jury's punishment verdict in open court with appellant present but did not orally pronounce appellant guilty of burglary of a habitation or pronounce the sentence assessed by the jury. Instead, after reading the verdict, the trial court asked the parties if they wanted the jury polled. Both sides declined, and the trial court then stated, "At this time I'm going to ask that the deputies come forward to fingerprint the defendant. And at this time I will remand you to the custody of the Travis County sheriff's department for execution of sentence." The record does not reflect that any further proceedings occurred in appellant's presence.

## Jurisdiction

Although neither party raises this issue on appeal, we must determine whether the trial court's failure to orally pronounce appellant's sentence deprives this Court of jurisdiction. *See State v. Roberts*, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996), *overruled on other ground by State v. Medrano*, 67 S.W.3d 892, 894 (Tex. Crim. App. 2002) ("A threshold issue in any case is whether the court has the jurisdiction to resolve the pending controversy. This issue of jurisdiction is fundamental and cannot be ignored." (Internal citations omitted.)).

Courts are required to pronounce sentence orally in the defendant's presence. Tex. Code Crim. Proc. art. 42.03, § 1(a); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). The judgment, including the sentence assessed, is merely a written manifestation of that oral pronouncement. *See* Tex. Code Crim. Proc. art. 42.01, § 1; *Taylor*, 131 S.W.3d at 500; *Madding*, 70 S.W.3d at 135. Oral pronouncement of the sentence in the presence of the defendant is necessary because "the imposition of sentence is the crucial moment when all of the parties are physically present at the sentencing hearing and able to hear and respond to the imposition of sentence." *Madding*, 70 S.W.3d at 135. "[I]t is the pronouncement of sentence that is the appealable event, and the written sentence or order simply memorializes it and should comport therewith." *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). If no sentence was ever rendered, there is no valid judgment.[2] *See Thompson v.*

[2] While the jury assesses a defendant's sentence, the trial court imposes the sentence by orally pronouncing the sentence in the defendant's presence. *See* Tex. Code Crim. Proc. arts. 37.01 ("A 'verdict' is a written declaration by a jury of its decision of the issue submitted to it in the case."); 42.01, §1 ("A judgment is the written declaration of the court signed by the trial judge and entered of record showing the conviction or acquittal of the defendant. The sentence served shall

*State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003); *see also Ex parte Kopecky*, 821 S.W.2d 957, 960 (Tex. Crim. App. 1992) ("Punishment and sentence are incorporated in the judgment. . . . '[S]entence is a necessary component of a "judgment of conviction."'" (Quoting *Ball v. United States*, 470 U.S. 856, 862 (1985).)). When no sentence is orally pronounced, a written judgment is not valid, and without a valid written judgment, there is no "conviction" for appellant to appeal. *See Thompson*, 108 S.W.3d at 290.

We conclude that we lack jurisdiction over appellant's appeal because the trial court failed to orally pronounce his sentence in his presence. However, the Rules of Appellate Procedure require that we not dismiss an appeal if the trial court's erroneous action or failure to act can be corrected by the trial court. *See* Tex. R. App. P. 44.4. The trial court's failure to orally pronounce sentence can be corrected by the trial court's orally pronouncing sentence with appellant present. Accordingly, we abate this appeal and remand the cause to the trial court to allow the trial court to pronounce its sentence in open court with appellant present. *See Keys v. State*, 340 S.W.3d 526, 529 (Tex. App.—Texarkana 2011, no pet.) (abating appeal to allow trial court to orally pronounce sentence); *Staten v. State*, No. 09-09-00490-CR, 2010 WL 2696153, at *2 (Tex. App.—Beaumont July 7, 2010, no pet.) (abating appeal and remanding to trial court to pronounce sentence in appellant's presence); *Meachum v. State*, 273 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (concluding abatement was proper and efficient remedy when trial court failed to pronounce sentence in appellant's presence).

---

be based on the information contained in the judgment."); 42.02 ("The sentence is that part of the judgment . . . that orders that the punishment be carried into execution in the manner prescribed by law."); 42.03, §1(a) ("[S]entence shall be pronounced in the defendant's presence.").

## Conclusion

We abate this appeal and remand the cause to the trial court. On remand, the trial court shall cause notice of a hearing to be given and, thereafter, orally pronounce the sentence assessed by the jury in appellant's presence. We order the trial court to conduct the sentencing hearing within 30 days of this memorandum opinion. A reporter's record of the hearing shall be prepared and filed in the record of this appeal, together with a supplemental clerk's record containing the trial court's new judgment. These records are due to be filed in this Court within 45 days of the date of this memorandum opinion. The appeal will be reinstated when the supplemental records are filed herein. On reinstatement, this Court will consider the merits of the appeal based on the record and briefs already filed.

Before Chief Justice Jones, Justices Goodwin and Field

Abated and Remanded

Filed: April 4, 2014

Do Not Publish

4