

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-16-00040-CR

TEVIN WILLIS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 14-F-0808-102

Before Morriss, C.J., Moseley and Burgess, JJ.

# O R D E R

Tevin Willis pled guilty to two counts of sexual assault of a child[1] and elected jury-assessed punishment. The jury assessed thirteen-year sentences in both cases, which the trial court ran consecutively, together with a $5,000.00 fine in each case. The trial court entered written judgments in both cases in accordance with the jury's respective verdicts, but based on the appellate record filed in this Court, failed to orally pronounce sentence in open court and in Willis' presence in either case. On appeal, Willis claims that the trial court committed fundamental error in failing to orally pronounce sentence in his presence and in open court. The State concedes that the trial court did not properly sentence Willis and asks this Court to dismiss this appeal for want of jurisdiction.

The trial court is required to pronounce sentence orally in the defendant's presence. TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a) (West Supp. 2016); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002).

> The rationale for this rule is that the imposition of sentence is the crucial moment when all of the parties are physically present at the sentencing hearing and able to hear and respond to the imposition of sentence. Once he leaves the courtroom, the defendant begins serving the sentence imposed. Thus, "it is the pronouncement of sentence that is the appealable event, and the written sentence or order simply memorializes it and should comport therewith."

*Madding*, 70 S.W.3d at 135 (quoting *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998)). Because the trial court failed to pronounce the sentences for the crimes of conviction, this Court is without jurisdiction to hear Willis' appeal of his conviction. *See Thompson v. State*, 108

---

[1]*See* TEX. PENAL CODE ANN. § 22.011 (West 2011).

2

S.W.3d 287, 293 (Tex. Crim. App. 2003); *Keys v. State*, 340 S.W.3d 526, 529 (Tex. App.—Texarkana 2011, order).

*Keys* involved a similar situation in which the trial court failed to orally pronounce sentence in open court. This Court declined, however, to dismiss Keys' appeal for want of jurisdiction. Instead, we chose to abate the matter to the trial court, in reliance on Rule 44.4 of the Texas Rules of Appellate Procedure, for the purpose of orally pronouncing sentence in Keys' presence and in open court. We stated in *Keys*, "Rule 44.4 directs us, in this circumstance in which the error can be corrected by the trial court, not to dismiss, but first to direct that the trial court take the corrective action and then, once the error has been corrected, to address the other issues on appeal."[2] *Keys*, 340 S.W.3d at 529 (citing TEX. R. APP. P. 44.4).

In light of our holding in *Keys*, we abate this cause to the trial court for a hearing during which the trial court shall (1) orally pronounce Willis' guilt with respect to each charge and (2) orally pronounce the sentences assessed by the jury in Willis' presence in keeping with the mandates of Article 42.03, Section 1(a) of the Texas Code of Criminal Procedure and the caselaw

---

[2]Rule 44.4 provides:

> (a)    *Generally*.  A court of appeals must not affirm or reverse a judgment or dismiss an appeal if:
>
>> (1)    the trial court's erroneous action or failure or refusal to act prevents the proper presentation of a case to the court of appeals; and
>
>> (2)    the trial court can correct its action or failure to act.
>
> (b)    *Court of Appeals Direction if Error Remediable*.  If the circumstances described in (a) exist, the court of appeals must direct the trial court to correct the error. The court of appeals will then proceed as if the erroneous action or failure to act had not occurred.

TEX. R. APP. P. 44.4.

interpreting and applying that Article. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a). The hearing is to be conducted within thirty days of the date of this order. The reporter's record of the hearing shall be filed in the form of a supplemental reporter's record within twenty days of the date of the hearing, together with a supplemental clerk's record containing the trial court's judgments.

Because the trial court, by pronouncing guilt and imposing the sentences in Willis' presence, is correcting a jurisdictional error, the judgments issued following the sentencing hearing shall not be judgments nunc pro tunc. Instead, they will be the only valid judgments in this case. Consequently, the judgments shall properly reflect the date sentence is imposed as the date the trial court orally pronounces guilt and orally imposes sentence in each matter. Because Willis has been incarcerated since March 30, 2016, the trial court is directed to credit Willis, in each of the judgments, with all time served from and including March 30, 2016, through the date the sentences are actually imposed.

All appellate timetables are stayed and will resume on our receipt of the supplemental clerk's and reporter's records.

IT IS SO ORDERED.


BY THE COURT


Date:   October 4, 2016

4