

# Fourth Court of Appeals
## San Antonio, Texas

November 29, 2018

No. 04-18-00537-CR

Teanna Danielle Nuputi **SAN NICOLAS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR9270-C
Honorable Jefferson Moore, Judge Presiding

# O R D E R

Appellant Teanna Danielle Nuputi San Nicolas was free on bond during the trial of this case. After both sides rested and closed on the second day of trial and the jury began deliberating, appellant left the courtroom and never returned. It was subsequently determined that her GPS monitored had been removed. In her absence, the jury convicted appellant of aggravated kidnapping. Despite her continued absence, after the jury returned its verdict of guilt, the trial court proceeded to sentencing and after a hearing orally pronounced a sentence of seventeen years' confinement. Appellant's trial counsel timely filed a notice of appeal.

In criminal cases, the pronouncement of sentence is the appealable event. *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002); *see Thompson v. State*, 108 S.W.3d 287, 291–92 (Tex. Crim. App. 2003). Except in a very limited set of circumstances not applicable here, Article 42.03, section 1(a) of the Texas Code of Criminal Procedure requires trial courts to pronounce sentence in the defendant's presence. TEX. CODE CRIM. PROC. ANN. art. 42.03 § (1)(a). Compliance with section (1)(a) of Article 42.03 is a jurisdictional requirement, and in the absence of such compliance, an appellate court is without jurisdiction. *Keys v. State*, 340 S.W.3d 526, 528–29 (Tex. App.—Texarkana 2011, pet. ref'd); *see Gittens v. State*, 04-16-00646-CR, 2017 WL 361753, at *1 (Tex. App.—San Antonio Jan. 25, 2017, no pet.) (mem. op., not designated for publication); *Cook v. State*, No. 06-14-00005-CR, 2014 WL 12740149, at *1 (Tex. App.—Texarkana Apr. 3, 2014, no pet.) mem. op., not designated for publication). As this court stated in Gittens, "[i]f sentence is not orally pronounced in the defendant's presence, there is no valid judgment and nothing for him to appeal." *Gittens*, 2017 WL 361753, at *1 (citing *Thompson*, 108 S.W.3d at 209).

Because appellant absconded prior to sentencing, the trial court could not and did not orally pronounce sentence in her presence. Accordingly, it appears we lack jurisdiction over this appeal.

We therefore **ORDER** that appellant may file, on or before **December 13**, **2018** a response showing why this appeal should not be dismissed for want of jurisdiction. If appellant fails to satisfactorily respond within the time provided, the appeal will be dismissed for want of jurisdiction.[1] *See* TEX. R. APP. P. 42.3(c). If a supplemental clerk's record or supplemental reporter's record is required, appellant must ask the trial court clerk or the court reporter to prepare one and must notify the clerk of this court that such a request was made. All deadlines in this matter are suspended until further order of the court.

We **order** the clerk of this court to serve a copy of this order on the trial court and all counsel.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 29th day of November, 2018.

_____
KEITH E. HOTTLE,
Clerk of Court

---

[1] Certain appellate courts have declined to dismiss an appeal lack this for want of jurisdiction under these circumstances, opting to abate the matter to the trial court and direct the trial court to give notice of a hearing and, thereafter, pronounce sentence in the appellant's presence. *See, e.g., Keys*, 340 S.W.3d at 529; *Meachum v. State*, 273 S.W.3d 803, 806; *cf. Thompson*, 108 S.W.3d at 290–91 (affirming intermediate appellate court's dismissal of appeal for want of jurisdiction, but stating "we need not address the question of whether there is only one proper remedy for this situation; it is enough to determine whether the court of appeals chose a proper remedy."). In so doing, these courts relied on Rule 44.4 of the Texas Rules of Appellate Procedure which directs appellate courts in circumstances in which error can be corrected by the trial court, not to dismiss, but first to direct that the trial court take the necessary corrective action and then, once the error has been corrected to address the other issues on appeal. *See* TEX. R. APP. P. 44.4. However, as the courts recognized in *Gittens* and *Cook*, such a remedy is not available when the appellant has not been apprehended and is still at large. *See Gittens*, 2017 WL 361753, at *1; *Cook* 2014 WL 12740149, at *2. In that "rare and unique set of circumstances," dismissal of the appeal is the appropriate remedy. *Cook* 2014 WL 12740149, at *2; *see Gittens*, 2017 WL 361753, at *1. If and when such an appellant is apprehended, the trial court can then pronounce sentence, which will start the running of his appellate deadlines. *Cook* 2014 WL 12740149, at *2. Consequently, such an appellant is not deprived of his right to appeal. *Id.*