

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00388-CR

PEDRO GARCIA, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2016-408,822, Honorable William R. Eichman II, Presiding

September 13, 2019

## ORDER OF ABATEMENT AND REMAND

Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant Pedro Garcia, Jr. has appealed his conviction for murder and sentence of thirty-five years' imprisonment.[1]  The court has performed its initial review of the record. The record shows that after receiving the jury's verdict on punishment, the court excused the jury, permitted a victim impact statement, and remanded appellant to the custody of

---

[1] *See* TEX. PENAL CODE ANN. § 19.02(b)(1) (West 2019).

the sheriff. The record does not reflect, however, that the court orally pronounced appellant's sentence.

A trial court must pronounce a defendant's sentence orally in the defendant's presence. TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a) (West 2018); *Edic v. State,* Nos. 03-17-00788-CR, 03-17-00789-CR, 2018 Tex. App. LEXIS 3222, at *1 (Tex. App.—Austin May 8, 2018) (per curiam) (mem. op., not designated for publication) (citing *Taylor v. State,* 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *Ex parte Madding,* 70 S.W.3d 131, 135 (Tex. Crim. App. 2002)). If sentence is not orally pronounced, the trial court's written judgment is invalid and without a valid written judgment there is no conviction to appeal. *Id.* (citing *Thompson v. State,* 108 S.W.3d 287, 290 (Tex. Crim. App. 2003)). Hence, an appellate court lacks jurisdiction if a notice of appeal is filed.

In the present matter, because sentence was not orally pronounced in appellant's presence, we conclude that we lack jurisdiction over appellant's appeal. *Keys v. State,* 340 S.W.3d 526, 529 (Tex. App.—Texarkana 2011, no pet.). However, the problem is remediable without dismissal.

Pursuant to Rule of Appellate Procedure 44.4 we abate the appeal and remand the cause to the trial court so that it may pronounce the jury's sentence in open court with appellant present. TEX. R. APP. P. 44.4; *Edic,* 2018 Tex. App. LEXIS 3222, at *3.

On remand, the trial court shall provide notice of a hearing and at that hearing orally pronounce the sentence assessed by the jury in appellant's presence. We direct the trial court to conduct the sentencing hearing within thirty days of the date of this order. A reporter's record of the hearing shall be prepared and filed in the record of this appeal

along with a supplemental clerk's record containing the trial court's new judgment of conviction. These supplemental records shall be filed with the clerk of this court within forty-five days of the date of this order. Appellant's appeal shall be reinstated when the supplemental records are filed. On reinstatement, the court will consider the appeal based on the record and briefs already filed.[2]

It is so ordered

Per Curiam

Do not publish.

---

[2] After review of the record, we notified appellant and the State of our conclusion. Both responded and agree that abatement and remand are appropriate.