

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00123-CR

**ERIC DWIGHT HENDRIX,**

                         **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                         **Appellee**

**From the County Court
Limestone County, Texas
Trial Court No. 38821**

## ABATEMENT ORDER

In this case, appellant, Eric Dwight Hendrix, has filed a motion, arguing that this case should be abated because the trial court did not orally pronounce his sentence. We requested a response from the State, and the State agrees that the trial court failed to orally pronounce Hendrix's sentence, which deprives this Court of jurisdiction over this case.

A review of the record shows that when the jury returned its punishment, the trial court read the verdict in open court. The trial court then accepted the verdict, thanked the jurors for their service, and excused them. After Hendrix made several statements on the record expressing disbelief at the sentence, the trial court merely stated, "I'm sorry," and concluded the hearing. There is no indication in the record that the trial court orally pronounced Hendrix's sentence in open court.

> Courts are required to pronounce sentence orally in the defendant's presence. TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a) ([West 2018]); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). The judgment, including the sentence assessed, is merely a written manifestation of that oral pronouncement. TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1 ([West 2018]); *Taylor*, 131 S.W.3d at 500; *Madding*, 70 S.W.3d at 135. As explained by the Texas Court of Criminal Appeals in *Madding*, oral pronouncement of the sentence in the presence of the defendant is necessary because "the imposition of sentence is the crucial moment when all of the parties are physically present at the sentencing hearing and able to hear and respond to the imposition of sentence." *Madding*, 70 S.W.3d at 135. Therefore, "'it is the pronouncement of sentence that is the appealable event, and the written sentence or order simply memorializes it and should comport therewith.'" *Id.* (quoting *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998)).

*Keys v. State*, 340 S.W.3d 526, 527 (Tex. App.—Texarkana 2011, order).

Moreover, if the trial court has failed to pronounce sentence in open court, the court of appeals is without jurisdiction to hear an appeal from the conviction and not-yet-imposed sentence. *Id.* at 529 (citing *Thompson v. State*, 108 S.W.3d 287, 293 (Tex. Crim. App. 2003). Because such is the case here, we lack jurisdiction to hear Hendrix's appeal from his conviction.

Ordinarily, in cases in which we lack jurisdiction, dismissal of the appeal is the proper remedy. However, Texas Rule of Appellate Procedure 44.4 prohibits this Court from dismissing an appeal if the trial court's erroneous action or failure to act prevents the proper presentation of the case, and the trial court can correct its action or failure to act. *See* TEX. R. APP. P. 44.4. Accordingly, several Texas courts have held that "a proper and more efficient remedy" in this situation is abatement. *Meachum v. State*, 273 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *see Keys*, 340 S.W.3d at 529; *see also Edic v. State*, Nos. 03-17-00788-CR & 03-17-00789-CR, 2018 Tex. App. LEXIS 3222, at **2-3 (Tex. App.—Austin May 8, 2018, order) (per curiam) ("Here, the trial court's failure to orally pronounce sentence can be corrected by the trial court orally pronouncing the sentences with appellant present. Accordingly, we abate these appeals and remand the causes to the trial court to allow the trial court to pronounce the jury's sentences in open court with appellant present."); *Wagstaff v. State*, No. 09-06-00162-CR, 2007 Tex. App. LEXIS 6464, at **6-8 (Tex. App.—Beaumont Aug. 15, 2007, no pet.) (mem. op., not designated for publication) (concluding that abatement, not dismissal, was the proper remedy under Rule 44.4 where the appellate court lacked jurisdiction due to the trial court's failure to pronounce sentence in the presence of the defendant).

Therefore, by this order, we grant Hendrix's motion to abate this proceeding. *See* TEX. R. APP. P. 44.4(b). As such, this appeal is abated and the cause remanded to the trial court. Upon remand, the trial court shall cause notice of a hearing to be given and

pronounce the sentence in Hendrix's presence. The sentencing hearing is to be conducted within 30 days from the date of this order. A court reporter's record of the sentencing hearing shall be prepared and filed in the record of this appeal, together with a supplemental clerk's record containing the trial court's judgment. These records are due within 45 days of the date of this order.

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
(Chief Justice Gray dissenting with a note)*
Motion granted and appeal abated
Order issued and filed October 23, 2019
Do not publish

*(Chief Justice Gray dissents from this order noting we have no jurisdiction to order anything other than dismissal. We cannot order the parties or trial court to fix this. This is not a mandamus proceeding. They are aware of the problem. I would allow them 45 days to fix it. If they fail to take the action necessary to invest this Court with jurisdiction in the next 45 days, I would then dismiss the appeal for lack of jurisdiction.)

