# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-22-00203-CR

---

**André Webb, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 403RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-19-301919, THE HONORABLE BRENDA KENNEDY, JUDGE PRESIDING

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

André Webb was charged with the felony offense of aggravated robbery, and the indictment contained two enhancement paragraphs alleging that he had previously been convicted of aggravated robbery and agravated robbery with a deadly weapon. *See* Tex. Penal Code § 29.03. When Webb allegedly committed the offense, he was on parole for a prior conviction for aggravated robbery with a deadly weapon. The jury found Webb guilty, and Webb pleaded true to the two enhancement allegations. During the punishment phase, the jury assesed his punishment at fifty years' imprisonment. *See id.* §§ 12.42, 29.03. After the jury foreperson read the jury's assessed punishment, the trial court asked both sides if they wanted to have the jury polled, explained that Webb's punishment in the current case would begin once he finished serving his sentence from the prior conviction, and stated that Webb was remanded to the custody of the Travis County Sheriff's Office. Although the trial court later entered a written

judgment of conviction sentencing Webb consistent with the jury's verdicts, the trial court never orally pronounced the sentence. After Webb appealed, the State filed a motion to abate the appeal, and we will grant the State's motion and remand for further proceedings.

Although a jury assesses a defendant's sentence, the trial court imposes the sentence. *See* Tex. Code Crim. Proc. arts. 37.01 (explaining that verdict is written declaration by jury of its decision), 42.01, § 1 (stating that judgment is written declaration by trial court showing conviction or acquittal of defendant and that sentence will be based on information in judgment), 42.02 (noting that sentence is part of judgment ordering punishment to be carried into execution). Additionally, with certain statutory exceptions, courts must orally pronounce the sentence in the defendant's presence. *See id.* arts. 42.03, § 1(a), .14; *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). The judgment, including the sentence assessed, is merely a written manifestation of that oral pronouncement. *See* Tex. Code Crim. Proc. art. 42.01, § 1; *Taylor*, 131 S.W.3d at 500; *Madding*, 70 S.W.3d at 135.

"[I]t is the pronouncement of sentence that is the appealable event, and the written sentence or order simply memorializes it and should comport therewith." *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). If no sentence was ever rendered, there is no valid judgment. *See Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003); *see also Ex parte Kopecky*, 821 S.W.2d 957, 960 (Tex. Crim. App. 1992) (noting that "[p]unishment and sentence are incorporated in the judgment" and that "'sentence is a necessary component of a "judgment of conviction"'" (quoting *Ball v. United States*, 470 U.S. 856, 862 (1985))). Without a valid judgment, there is no "conviction" for a defendant to appeal. *See Thompson*, 108 S.W.3d at 290.

In this case, because the trial court failed to orally pronounce Webb's sentence in his presence, no valid judgment yet exists, and accordingly, we lack jurisdiction over his appeal. *See Keys v. State*, 340 S.W.3d 526, 529 (Tex. App.—Texarkana 2011, no pet.) (concluding that trial court's failure to orally pronounce defendant's sentence deprived court of appeals of jurisdiction); *Meachum v. State*, 273 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (same); *see also State v. Roberts*, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996) (explaining that jurisdiction is threshold issue and may not be ignored), *overruled on other ground by State v. Medrano*, 67 S.W.3d 892, 894 (Tex. Crim. App. 2002).

Atlhough this Court lacks jurisdiction over the appeal, that does not require us to dismiss the appeal in these circumstances. The Rules of Appellate Procedure require that we not dismiss an appeal if the trial court's omission can be corrected. *See* Tex. R. App. P. 44.4. Here, the trial court's omission can be corrected by allowing the trial court to orally pronounce Webb's sentence with him present. Accordingly, we abate the appeal and remand the cause to the trial court for the trial court to pronounce the jury's sentence in open court with Webb present. *See id.*; *see also Keys*, 340 S.W.3d at 529 (abating appeal and remanding cause to trial court to orally pronounce sentence assessed by jury in defendant's presence); *Meachum*, 273 S.W.3d at 806 (same).

On remand, the trial court is directed to cause notice of a hearing to be given and, thereafter, orally pronounce the sentence assessed by the jury in Webb's presence. The new sentencing hearing is to be held within 30 days of the date of this memorandum opinion. A supplemental reporter's record of the hearing shall be prepared and filed in the appellate record in this case along with a supplemental clerk's record containing the trial court's new judgment of conviction. These supplemental records are to be filed in this Court within 45 days of the date of

3

this memorandum opinion.  During the abatement, the applicable appellate deadlines will be tolled.  *See* Tex. R. App. P. 2.  The appeal will be reinstated when the supplemental records are filed.  On reinstatement, the applicable appellate deadlines will continue to run from the day of reinstatement.

It is so ordered on January 20, 2023.


Before Justices Baker, Kelly, and Smith

Abated and Remanded

Filed:   January 20, 2023

Do Not Publish