# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-24-00091-CR
NO. 03-24-00092-CR
NO. 03-24-00093-CR

**Timothy Paul Bradshaw, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 21ST DISTRICT COURT OF LEE COUNTY
### NOS. 9902, 9903, & 9904
### THE HONORABLE CARSON TALMADGE CAMPBELL, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

A jury found appellant Timothy Paul Bradshaw guilty of murder, kidnapping, and aggravated assault with a deadly weapon and assessed his punishment at 99 years' confinement, two years' confinement, and two years' confinement, respectively. *See* Tex. Penal Code §§ 19.02(b)(1), 20.03(a), 22.02(a)(2). Although the trial court later entered written judgments of conviction sentencing Bradshaw consistent with the jury's verdicts, the trial court never orally pronounced the sentences.[1] Bradshaw has filed motions to abate his appeals and remand the

---

[1] At the conclusion of the punishment phase, the trial court read the jury's punishment verdicts in open court with Bradshaw present but instead of pronouncing sentence, the court stated only that it would "accept the jury's verdict[s]." Such a statement does not qualify as a pronouncement of sentence. *See Edic v. State*, Nos. 03-17-00788–89-CR, 2018 WL 2123465,

causes to the trial court to allow it orally to pronounce the sentences and enter revised judgments.[2] We grant the motions and remand for further proceedings.

Although a jury assesses a defendant's sentence, the trial court imposes the sentence. *See* Tex. Code Crim. Proc. arts. 37.01 (explaining that verdict is written declaration by jury of its decision), 42.01, § 1 (stating that judgment is written declaration by trial court showing conviction or acquittal of defendant and that sentence will be based on information in judgment), 42.02 (noting that sentence is part of judgment ordering punishment to be carried into execution). Additionally, with certain statutory exceptions, courts must orally pronounce the sentence in the defendant's presence. *See id.* arts. 42.03, § 1(a), .14; *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). The judgment, including the sentence assessed, is merely a written manifestation of that oral pronouncement. *See* Tex. Code Crim. Proc. art. 42.01, § 1; *Taylor*, 131 S.W.3d at 500; *Ex parte Madding*, 70 S.W.3d at 135.

"[I]t is the pronouncement of sentence that is the appealable event, and the written sentence or order simply memorializes it and should comport therewith." *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). If no sentence was ever rendered, there is no

---

at *1–2 & n.1 (Tex. App.—Austin May 8, 2018, no pet.) (per curiam) (mem. op., not designated for publication) (finding that trial court using similar language "failed to orally pronounce [defendant]'s sentences in his presence").

[2] Bradshaw also asserts that the trial court "did not orally pronounce [him] guilty of the offenses." "[A] defendant has been adjudged guilty *when the verdict convicting him has been received and accepted by the trial judge*. No further ritual or special incantation from the bench is necessary to accomplish an adjudication of guilt beyond the pronouncement of sentence as required by law." *Jones v. State*, 795 S.W.2d 199, 201 (Tex. Crim. App. 1990) (internal citations omitted). Because the trial court in this case accepted the jury's verdicts of guilt, the court's pronouncement of Bradshaw's sentences will be sufficient to adjudicate him guilty of the offenses.

valid judgment. *See Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003); *see also Ex parte Kopecky*, 821 S.W.2d 957, 960 (Tex. Crim. App. 1992) (noting that "[p]unishment and sentence are incorporated in the judgment" and that "'sentence is a necessary component of a "judgment of conviction"'" (quoting *Ball v. United States*, 470 U.S. 856, 862 (1985))). Without a valid judgment, there is no "conviction" for a defendant to appeal. *See Thompson*, 108 S.W.3d at 290.

In this case, because the trial court failed to orally pronounce Bradshaw's sentences in his presence, no valid judgments yet exist, and accordingly, we lack jurisdiction over his appeals. *See Webb v. State*, No. 03-22-00203-CR, 2023 WL 346678, at *1 (Tex. App.—Austin Jan. 20, 2023, no pet.) (per curiam) (mem. op., not designated for publication) (concluding that trial court's failure to orally pronounce defendant's sentence deprived court of appeals of jurisdiction); *Keys v. State*, 340 S.W.3d 526, 529 (Tex. App.—Texarkana 2011, no pet.) (same); *see also State v. Roberts*, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996) (explaining that jurisdiction is threshold issue and may not be ignored), *overruled on other ground by State v. Medrano*, 67 S.W.3d 892, 894 (Tex. Crim. App. 2002).

Although this Court lacks jurisdiction over the appeals, that does not require us to dismiss them in these circumstances. The Rules of Appellate Procedure require that we not dismiss an appeal if the trial court's omission can be corrected. *See* Tex. R. App. P. 44.4. Here, the trial court's omission can be corrected by allowing the trial court to orally pronounce Bradshaw's sentences with him present. Accordingly, we abate the appeals and remand the causes to the trial court to allow it to pronounce the jury's sentences in open court with Bradshaw present. *See id.*; *see also Webb*, 2023 WL 346678, at *2 (abating appeal and

remanding cause to trial court to orally pronounce sentence assessed by jury in defendant's presence); *Keys*, 340 S.W.3d at 529 (same).

On remand, the trial court is directed to cause notice of a hearing to be given and, thereafter, orally pronounce the sentences assessed by the jury in Bradshaw's presence. The new sentencing hearing is to be held within 30 days of the date of this memorandum opinion. A supplemental reporter's record of the hearing shall be prepared and filed in the appellate record in this case along with a supplemental clerk's record containing the trial court's new judgments of conviction. These supplemental records are to be filed in this Court within 45 days of the date of this memorandum opinion. During the abatement, the applicable appellate deadlines will be tolled. *See* Tex. R. App. P. 2. The appeals will be reinstated when the supplemental records are filed, and Bradshaw's briefs will be due within 30 days of the appeals' reinstatement.[3]

It is so ordered on January 19, 2024.

Before Justices Baker, Smith, and Theofanis

Abated and Remanded

Filed: January 19, 2024

Do Not Publish

---

[3] Bradshaw's pending motions for extension of time to file his briefs are dismissed as moot.