# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-25-00081-CR

---

**Mark Suniga, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 453RD DISTRICT COURT OF HAYS COUNTY
### NO. CR-22-4369-C, THE HONORABLE SHERRI TIBBE, JUDGE PRESIDING

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Mark Suniga was charged with indecency with a child by contact. *See* Tex. Penal Code § 21.11. At the end of the guilt-innocence phase, the jury found Suniga guilty of the charged offense. During the punishment hearing, the jury assessed his punishment at ten years' imprisonment. *See id.* §§ 12.33, 21.11(d). After the trial court read the jury's verdict, it informed the jury that their service was concluded and released the jury. Although the trial court later entered a written judgment of conviction sentencing Suniga consistent with the jury's verdicts, the trial court never formally orally pronounced the sentence. After Suniga appealed, Suniga and the State both filed briefs suggesting that the case should be remanded to the trial court to allow the trial court to orally pronounce its sentence. We agree.

Although a jury assesses a defendant's sentence, the trial court imposes the sentence. *See* Tex. Code Crim. Proc. arts. 37.01 (explaining that verdict is written declaration by jury of its decision), 42.01, § 1 (stating that judgment is written declaration by trial court showing conviction or acquittal of defendant and that sentence will be based on information in judgment), .02 (noting that sentence is part of judgment ordering punishment to be carried into execution). Additionally, with certain statutory exceptions, courts must orally pronounce the sentence in the defendant's presence. *See id.* arts. 42.03, § 1(a), .14; *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002); *see also* Tex. Code Crim. Proc. art. 37.04 (noting that jury verdict may be "read aloud by the judge, the foreman, or the clerk"); *Ette v. State*, 559 S.W.3d 511, 513 (Tex. Crim. App. 2018) (distinguishing between trial court's reading of jury's verdict and its later oral pronouncement of judgment). The judgment, including the sentence assessed, is merely a written manifestation of that oral pronouncement. *See* Tex. Code Crim. Proc. art. 42.01, § 1; *Taylor*, 131 S.W.3d at 500; *Madding*, 70 S.W.3d at 135.

"[I]t is the pronouncement of sentence that is the appealable event, and the written sentence or order simply memorializes it and should comport therewith." *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). If no sentence was ever rendered, there is no valid judgment. *See Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003); *see also Ex parte Kopecky*, 821 S.W.2d 957, 960 (Tex. Crim. App. 1992) (noting that "[p]unishment and sentence are incorporated in the judgment" and that "'sentence is a necessary component of a "judgment of conviction"'" (quoting *Ball v. United States*, 470 U.S. 856, 862 (1985))). Without a valid judgment, there is no "conviction" for a defendant to appeal. *See Thompson*, 108 S.W.3d at 290.

In this case, because the trial court failed to orally pronounce Suniga's sentence in his presence, no valid judgment yet exists, and accordingly, we lack jurisdiction over his appeal. *See Keys v. State*, 340 S.W.3d 526, 529 (Tex. App.—Texarkana 2011, no pet.) (concluding that trial court's failure to orally pronounce defendant's sentence deprived court of appeals of jurisdiction); *Meachum v. State*, 273 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (same); *see also State v. Roberts*, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996) (explaining that jurisdiction is threshold issue and may not be ignored), *overruled on other ground by State v. Medrano*, 67 S.W.3d 892, 894 (Tex. Crim. App. 2002).

Atlhough this Court lacks jurisdiction over the appeal, that does not require us to dismiss the appeal in these circumstances. The Rules of Appellate Procedure require that we not dismiss an appeal if the trial court's omission can be corrected. *See* Tex. R. App. P. 44.4. Here, the trial court's omission can be corrected by allowing the trial court to orally pronounce Suniga's sentence with him present. Accordingly, we abate the appeal and remand the cause to the trial court for the trial court to orally pronounce the jury's sentence in open court with Suniga present. *See id.*; *see also Keys*, 340 S.W.3d at 529 (abating appeal and remanding cause to trial court to orally pronounce sentence assessed by jury in defendant's presence); *Meachum*, 273 S.W.3d at 806 (same).

On remand, the trial court is directed to cause notice of a hearing to be given and, thereafter, formally orally pronounce the sentence assessed by the jury in Suniga's presence. The new sentencing hearing is to be held within 30 days of the date of this memorandum opinion. A supplemental reporter's record of the hearing shall be prepared and filed in the appellate record in this case along with a supplemental clerk's record containing the trial court's new judgment of conviction. These supplemental records are to be filed in this Court within 45

3

days of the date of this memorandum opinion. The appeal will be reinstated when the supplemental records are filed. Suniga will have thirty days from reinstatement to file a supplemental appellant's brief, and the State will have thirty days from the date Suniga files his supplemental brief, if any, to file a supplemental appellee's brief.

It is ordered on August 14, 2025.


Before Chief Justice Byrne, Justices Crump and Ellis

Abated and Remanded

Filed:   August 14, 2025

Do Not Publish

4