

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00816-CR

Ray **HERNANDEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CR0330
Honorable Jennifer Peña, Judge Presiding

PER CURIAM

Sitting: Rebeca C. Martinez, Chief Justice
    H. Todd McCray, Justice
    Velia J. Meza, Justice

Delivered and Filed: September 17, 2025

DISMISSED FOR WANT OF JURISDICTION

A jury convicted appellant Ray Hernandez on one count of repeat offender aggravated assault with a deadly weapon causing serious bodily injury to a family member, a first-degree felony, and two counts of repeat offender aggravated assault with a deadly weapon, both second-degree felonies. *See* TEX. PENAL CODE ANN. § 22.02. The jury assessed punishment at confinement for ninety-nine, fifty, and fifteen years on the counts, respectively. Hernandez, however, was not present when the trial court orally pronounced sentence. In one issue, Hernandez

complains that the trial court's judgment is invalid because sentence was pronounced without his presence. We dismiss for want of jurisdiction.

"[I]t is the pronouncement of sentence that is the appealable event[.]" *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002) (quoting *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998)). In *San Nicolas v. State*, No. 04-18-00537-CR, 2018 WL 6793272, at *1 (Tex. App.—San Antonio Dec. 27, 2018, no pet.) (mem. op., not designated for publication) (per curiam), we explained:

> Except in a very limited set of circumstances not applicable here, Article 42.03, section 1(a) of the Texas Code of Criminal Procedure requires trial courts to pronounce sentence in the defendant's presence. TEX. CODE CRIM. PROC. ANN. art. 42.03 § (1)(a). Compliance with section (1)(a) of Article 42.03 is a jurisdictional requirement, and in the absence of such compliance, an appellate court is without jurisdiction. *Keys v. State*, 340 S.W.3d 526, 528–29 (Tex. App.—Texarkana 2011, pet. ref'd); *see Gittens v. State*, 04-16-00646-CR, 2017 WL 361753, at *1 (Tex. App.—San Antonio Jan. 25, 2017, no pet.) (mem. op., not designated for publication) [(per curiam)]; *Cook v. State*, No. 06-14-00005-CR, 2014 WL 12740149, at *1 (Tex. App.—Texarkana Apr. 3, 2014, no pet.) (mem. op., not designated for publication). As this court stated in *Gittens*, "[i]f sentence is not orally pronounced in the defendant's presence, there is no valid judgment and nothing for him to appeal." *Gittens*, 2017 WL 361753, at *1 (citing *Thompson*[ *v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003)]).

*San Nicolas*, 2018 WL 6793272, at *1.

Both Hernandez and the State agree that Hernandez's sentence should have been pronounced in his presence. However, they disagree as to the proper appellate remedy. Hernandez requests that we dismiss his appeal for want of jurisdiction. The State requests that we abate Hernandez's appeal to allow the trial court to pronounce sentence in his presence. The State would then have us, upon reinstatement, decline any potential request for further briefing and summarily affirm because Hernandez's brief raises no other issues. The State contends that dismissal would give Hernandez "another bite at the appellate apple." In Hernandez's reply brief, he contends that the State's request for summary affirmance upon reinstatement is an "overreach."

We and several of our sister courts have abated in situations where a defendant is absent when his sentence is orally pronounced, is in custody at the time of the appeal, and his appellate brief on original submission raises other issues. *See Pittman v. State*, 683 S.W.3d 433, 434, 439 (Tex. App.—San Antonio 2023, pet. filed) (noting that appellant had raised three issues, but holding that abatement was the "proper and more efficient remedy[.]" (citation omitted)); *Keys v. State*, 340 S.W.3d 526, 529 (Tex. App.—Texarkana 2011, order) ("On reinstatement, this Court will consider the merits of the remaining issues raised in [appellant's] brief."); *Meachum v. State*, 273 S.W.3d 803, 807 (Tex. App.—Houston [14th Dist.] 2008, order) ("Upon reinstatement, this Court will consider the merits of the remaining issues raised in appellant's brief."). On the other hand, we have dismissed for want of jurisdiction in situations where a defendant is absent when his sentence is orally pronounced and is at large at the time of the appeal. *San Nicolas*, 2018 WL 6793272, at *1, n.1.

Although Hernandez is not at large, the most proper and efficient appellate remedy in this case is to dismiss his appeal for want of jurisdiction because Hernandez's brief raises no other issues. Should we abate, there would be nothing further for us to decide upon reinstatement. Accordingly, we dismiss the appeal for want of jurisdiction.

PER CURIAM

DO NOT PUBLISH