**Opinion filed September 12, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00037-CR

_____

## KIMBERLY ANNE HUTSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 32nd District Court**
**Nolan County, Texas**
**Trial Court Cause No. 12371**

## MEMORANDUM OPINION

Based upon an open plea of guilty, the trial court convicted Kimberly Anne Hutson, Appellant, of the first-degree felony offense of manufacture or delivery of a controlled substance, methamphetamine, in an amount between four and two hundred grams. After a hearing on punishment, the trial court assessed Appellant's punishment at confinement for twenty-seven years. We modify the trial court's judgment and affirm as modified.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that this appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, a copy of the clerk's record and the reporter's record, and an explanatory letter. Counsel advised Appellant of her right to review the record and file a response to counsel's brief. Counsel also advised Appellant of her right to file a petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant filed a pro se response to counsel's *Anders* brief. In her response, Appellant presents five points of error. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record and Appellant's response to counsel's brief, and we agree with counsel that no arguable grounds for appeal exist.[1]

Appellate counsel asserts that, although there is no reversible error in this case, there are nonreversible errors. In the judgment, the trial court ordered Appellant to pay "$423.00 court costs [which includes a time payment fee of $25.00 and a DNA community supervision fee of $34.00]; $180.00 restitution to the Texas Department of Public Safety Crime Laboratory, Abilene, Texas; $_____ attorney[']s fees; and $50.00 Crime Stoppers." There are nonreversible errors associated with the above-quoted portion of the judgment.

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

With respect to court costs, the court costs included a Time Payment Fee of $25 pursuant to Section 133.103 of the Texas Local Government Code. *See* TEX. LOC. GOV'T CODE ANN. § 133.103 (West Supp. 2018). We recently held that subsections (b) and (d) of that section are facially unconstitutional because the collected fees are allocated to general revenue and are not sufficiently related to the criminal justice system. *See King v. State*, No. 11-17-00179-CR, 2019 WL 3023513, at *1, *5–6 (Tex. App.—Eastland July 11, 2019, pet. filed) (mem. op., not designated for publication). Accordingly, the trial court erred when it assessed a Time Payment Fee under Section 133.103, subsections (b) and (d) of the Texas Local Government Code as a court cost. *See id.* When the trial court erroneously includes fees as court costs, we should modify the trial court's judgment to remove the improperly assessed fees. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013). We, therefore, modify the trial court's judgment to delete $22.50 of the Time Payment Fee assessed as court costs, leaving a Time Payment Fee of $2.50. *See King*, 2019 WL 3023513, at *5–6.

The court costs also included a DNA community supervision fee of $34. Article 102.020 of the Texas Code of Criminal Procedure provides for court costs related to DNA testing. TEX. CODE CRIM. PROC. ANN. art. 102.020 (West 2018). Article 102.020(a)(3) provides that a person shall pay $34 as a cost of court when the person is placed on community supervision and is required to submit a DNA sample. *Id.* art. 102.020(a)(3). Appellant, however, was not placed on community supervision. Therefore, the $34 DNA community supervision fee is not supported by the record. *Willis v. State*, 532 S.W.3d 461, 469 (Tex. App.—Texarkana 2017, no pet.). We modify the trial court's judgment to delete the $34 DNA community supervision fee.

Similarly, with respect to restitution, a trial court has authority to require a probationer to reimburse a DPS crime lab for lab fees as a condition of probation;

however, a trial court has no authority to assess DPS lab fees as restitution when a defendant is sentenced to imprisonment. *King v. State*, No. 12-17-00194-CR, 2018 WL 345737, at *2 (Tex. App.—Tyler Jan. 10, 2018, no pet.) (mem. op., not designated for publication) (citing *Aguilar v. State*, 279 S.W.3d 350, 353 (Tex. App.—Austin 2007, no pet.)); *see Jackson v. State*, 562 S.W.3d 717, 724 (Tex. App.—Amarillo 2018, no pet.); *see also Johnson v. State*, 365 S.W.3d 484, 491–92 (Tex. App.—Tyler 2012, no pet.) (holding that there was insufficient evidence to support reimbursement order to DPS). Here, Appellant was sentenced to imprisonment. Thus, the trial court had no authority to order Appellant to reimburse the DPS crime lab. *See King*, 2018 WL 345737, at *2. Moreover, DPS lab fees are not properly subject to a restitution order. *Id.*; *see Hanna v. State*, 426 S.W.3d 87, 91 (Tex. Crim. App. 2014) (recognizing that restitution "may be ordered only to a victim of an offense for which the defendant is charged"). A trial court is authorized to order a defendant convicted of an offense to pay restitution to a victim of the offense or to a crime victim's assistance fund, not to an agency of the State of Texas. CRIM. PROC. art. 42.037(a); *see King*, 2018 WL 345737, at *2.

Because restitution to the DPS crime lab is not authorized under Article 42.037(a), because the trial court did not impose any restitution when it pronounced Appellant's punishment in open court, and because no evidence supports the $180 assessment, we hold that the trial court erred when it ordered $180 in restitution payable to the DPS crime lab. Deletion of a written restitution order is appropriate when the trial court lacked statutory authority to impose the specific restitution order, such as when restitution has been ordered to be paid to someone who was not a victim of the offense. *Burt v. State*, 445 S.W.3d 752, 757–58 (Tex. Crim. App. 2014). Thus, the $180 in restitution should be deleted from the judgment. *See id.*; *Jackson*, 562 S.W.3d at 724 (deleting from trial court's judgment a $180 fee for restitution to the Texas Department of Public Safety Crime

4

Laboratory); *King*, 2018 WL 345737, at *2; *Milligan v. State*, No. 02-16-00035-CR, 2016 WL 6123643, at *1–2 & n.2 (Tex. App.—Fort Worth Oct. 20, 2016, no pet.) (mem. op., not designated for publication) (deleting from judgment $180 in lab-related restitution payable to the Texas Department of Public Safety). Accordingly, we modify the trial court's judgment to delete the restitution of $180 payable to the DPS crime lab.

The trial court's judgment also imposed a $50 Crime Stoppers fee. When a person is convicted of an offense, a separately assessed $50 fee for Crime Stoppers is inappropriate unless the defendant is ordered to repay all or part of a specific reward paid by a crime stoppers organization related to the prosecution of the defendant. *See* CRIM. PROC. art. 37.073; *Jackson*, 562 S.W.3d at 723–24; *see also* CRIM. PROC. art. 42A.301(b)(20) (providing that a trial court may impose a fee of up to $50 to be paid to a crime stoppers organization as a condition of community supervision). Appellant was not placed on community supervision, and nothing in the appellate record reflects that any reward was by paid by a crime stoppers organization with respect to the prosecution of Appellant. Accordingly, we modify the trial court's judgment to delete the $50.00 Crime Stoppers fee.

Finally, in open court, the trial court ordered "all costs and attorney's fees to be reimbursed to Nolan County for [trial counsel's] representation." The trial court's judgment includes the assessment of an unknown amount of attorney's fees. The clerk's record reflects that Appellant filed an application for a court-appointed attorney and that the trial court appointed an attorney to represent Appellant at trial, though Appellant did not, at that time, "meet the indigency standards" of the trial court. The trial court subsequently appointed counsel to represent Appellant on appeal, finding that Appellant "is indigent." Because the trial court determined that Appellant was indigent near the time of her conviction and because nothing in the record from Appellant's trial demonstrated that she was able to pay all or part of her

attorney's fees, the trial court erred by ordering the repayment of those attorney's fees. *See Mayer v. State*, 309 S.W.3d 552, 555–56 (Tex. Crim. App. 2010); *Jackson*, 562 S.W.3d at 723. We modify the trial court's judgment to delete any requirement that Appellant reimburse the county for attorney's fees in this cause.

We grant counsel's motion to withdraw, and we modify the judgment of the trial court (1) to reflect court costs of $366.50 (deleting the DNA community supervision fee of $34.00 and $22.50 of the time payment fee) and (2) to delete the following language: "$180.00 restitution to the Texas Department of Public Safety Crime Laboratory, Abilene, Texas; $_____ attorney[']s fees; and $50.00 Crime Stoppers"; "RESTITUTION: $180.00"; and "CRIME STOPPERS: $50.00." As modified, we affirm the judgment of the trial court.

PER CURIAM

September 12, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.